HUNT, Admr., Appellant,

v.

MARKSMAN PRODUCTS, DIVISION OF S/R
INDUSTRIES, INC. et al., Appellees.

[Cite as *Hunt v. Marksman Prod., Div. of S/R Industries,
Inc.* (1995), 101 Ohio App.3d 760.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 16679.

Decided March 22, 1995.

*Richard Sternberg,* for appellant.

*John Farnan* and *William H. Baughman, Jr.,* for appellees.

DICKINSON, Judge.

Plaintiff Jacqueline Hunt, administrator of the estate of Gregory A. Hunt, has appealed from a judgment of the Summit County Court of Common Pleas that dismissed her complaint against defendant Marksman Products because it failed to state a claim upon which relief could be granted. She has argued that the trial court incorrectly dismissed her complaint because she had alleged a valid products liability claim against Marksman Products. This court affirms the judgment of the trial court because Hunt failed to allege facts demonstrating that a Marksman air pistol was a proximate cause of Gregory Hunt's death.

Hunt filed this wrongful death action against Marksman Products and Shane Wamsley on January 29, 1993. She averred that, on November 17, 1991, Shane Wamsley negligently shot and killed her son, Gregory Hunt, with a black 9 millimeter Smith and Wesson automatic pistol while showing it and a Marksman BB Repeater Air Pistol to Gregory. The Marksman air pistol allegedly looked and felt similar to the black 9 millimeter automatic pistol. Hunt alleged that the design of the Marksman air gun "invited such comparison and produced an unreasonable danger and substantial risk of injury under circumstances that would likely cause serious injury or death." She further alleged that the air pistol was patently unsafe "and could have been rendered safe by resorting to redesigning the air pistol so that it would not look like an authentic weapon and invite comparison."

Marksman moved to dismiss Hunt's complaint for failure to state a claim upon which relief could be granted. The trial court determined that Hunt had failed to allege facts that would permit a conclusion that Marksman had defectively designed or negligently manufactured the air pistol:

"The fact that Marksman manufactured a BB gun to look like an authentic gun does not violate Ohio law, and thus cannot be equated to negligent manufacture of such a gun."

The trial court dismissed Hunt's complaint against Marksman, finding that there was no just reason for delay. Hunt timely appealed to this court.

■ Hunt's sole assignment of error is that the trial court incorrectly dismissed her complaint because it failed to state a claim upon which relief could be granted. The Ohio Supreme Court has determined that, when a trial court construes a complaint for purposes of a motion to dismiss for failure to state a claim, it must assume that "all factual allegations in the complaint are true" and it must appear beyond doubt that "the plaintiff can prove no set of facts warranting recovery." *Tulloh v. Goodyear Atomic Corp.* (1992), 62 Ohio St.3d 541, 544, 584 N.E.2d 729, 732, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. The trial court is obligated to construe all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755–756. Since all factual allegations in the complaint are presumed true, only legal issues are presented and an entry of dismissal on the pleadings will be reviewed *de novo*. *Plazzo v. Nationwide Mut. Ins. Co.* (June 24, 1992), Summit App. No. 15370, unreported, at 3, 1992 WL 150282. In this case, based on the facts alleged in the complaint, Hunt could not prove that the Marksman air pistol was a proximate cause of Gregory Hunt's death.

In her complaint, Hunt alleged that Marksman defectively designed the air pistol to look and feel similar to a real 9 millimeter handgun. She alleged that, as a result of the defective design of the air pistol, Marksman invited customers to compare the real gun with the air pistol. She has argued that "[s]uch design, absent warning to segregate this look-alike weapon from a real weapon, coupled with the implicit invitation to the user to compare the two, should be proof establishing" her claim.

Hunt appears to have argued both that Marksman was negligent in the sale and/or marketing of the air pistol and that the air pistol was defectively designed. Under either theory, she failed to allege facts entitling her to recovery.

■ Hunt was required to allege facts demonstrating that Marksman's conduct was a proximate cause of her son's death whether her claim was based on a negligence theory or a defective design theory. "It is rudimentary that in order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Menifee v. Ohio Welding Prod., Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710. Similarly, under a defective design theory, R.C. 2307.73(A)(2) requires a claimant to establish that "[a] defective aspect of the product * * * was a proximate cause of harm for which the claimant seeks to recover compensatory damages."

Proximate causation or legal causation is primarily a legal question. It requires a determination of whether a defendant should be legally responsible for

an injury.  Prosser & Keeton, Law of Torts (5 Ed.1984) 273, Section 42.  It has been defined as:

" 'That which immediately precedes and produces the effect, as distinguished from a remote, mediate, or predisposing cause; that from which the fact might be expected to follow without the concurrence of any unusual circumstance; that without which the accident would not have happened, and from which the injury or a like injury might have been anticipated.' * * * " *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 143, 539 N.E.2d 614, 617, quoting *Corrigan v. E.W. Bohren Transport Co.* (C.A.6, 1968), 408 F.2d 301, 303.

In *Jeffers*, the Ohio Supreme Court explained that "[t]he rule of proximate cause ' "requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act." ' " 43 Ohio St.3d 140, 143, 539 N.E.2d 614, 617, quoting *Ross v. Nutt* (1964), 177 Ohio St. 113, 114, 29 O.O.2d 313, 314, 203 N.E.2d 118, 120.

■ The notion of foreseeability is intertwined with the concept of duty and proximate cause.  See *Oiler v. Willke* (1994), 95 Ohio App.3d 404, 642 N.E.2d 667. Indeed, some courts have dealt with the policy decisions of placing limitations upon an actor's responsibility for the consequences of his conduct by focusing on foreseeability in the context of duty, while other courts have focused on the rubric of proximate cause.  Foreseeability, whether in terms of duty or proximate cause, is essentially a policy determination:

"There is perhaps no other one issue in the law of torts over which so much controversy has raged, and concerning which there has been so great a deluge of legal writing.  * * * [I]t must be repeated that the question is primarily not one of [actual] causation, and never arises until [actual] causation has been established.  It is rather one of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results.  In so far as the defendant is held liable for consequences which do not lie within the original risk which the defendant has created, a strict liability without fault is superimposed upon the liability that is logically to be attributed to the negligence itself.  It is simpler, and no doubt more accurate, to state the problem in terms of legal responsibility: is the defendant legally responsible to protect the plaintiff against such unforeseeable consequences of the defendant's own negligent acts?"  Prosser & Keeton, Law of Torts (5 Ed.1984) 280–281, Section 43.

Taking the facts alleged in the complaint as true, Hunt has failed to demonstrate that the design, manufacture, or marketing of the Marksman air pistol was a proximate cause of her son's death.  She alleged (1) that Marksman knowingly

designed and manufactured the air pistol to "mimic and look like an authentic weapon"; (2) that it promoted the sale of the air pistol by inviting comparison with real weapons; (3) that this comparison produced an "unreasonable danger and substantial risk of injury that would likely cause serious injury or death"; and (4) that Marksman could have rendered the air pistol safe by "resorting to redesigning the airgun so that it would not look like an authentic weapon and invite comparison." Nevertheless, the air pistol that Marksman designed and manufactured was not the weapon with which Gregory Hunt was shot and killed.

The death of Gregory Hunt was the result of a chain of events too far removed from the purported defective design, or negligent manufacture or marketing of the air pistol in question to impose liability on Marksman. The facts alleged in Hunt's complaint failed to demonstrate that the manufacture, design, or sale of an air pistol that looked similar to a real weapon "immediately precede[d] and produce[d] the effect" of having a real weapon discharge and kill an individual. Accordingly, regardless of the theory of liability, Hunt failed to allege facts demonstrating that Marksman's conduct was a proximate cause of her son's death. Hunt's assignment of error is overruled.

Hunt's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and BAIRD, J., concur.