[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Carter Steel and Fabricating Company, appeals from the judgment of the Logan County Court of Common Pleas dismissing its counterclaim pursuant to Civ.R. 12(B)(6) and also denying its motion to compel the posting of bond.
Kenhill Construction Company, Inc., plaintiff-appellee, was the general contractor on a construction project at the Ohio University and hired Carter Steel as a steel subcontractor. Kenhill filed an arbitration action against Carter Steel on that matter. Pending arbitration, Kenhill filed a motion and affidavit, in conjunction with a complaint, in the common pleas court for a prejudgment order of attachment, garnishment, and an injunction against disposition of property. In an amended complaint, Kenhill alleged that before the arbitration dispute would be resolved, Carter Steel intended to sell to Benjamin Steel Co. certain real estate unrelated to that arbitration.
A prejudgment attachment hearing was scheduled for September 9, 1997. Kenhill sought to expedite discovery for this hearing and to that end, the trial court shortened the time for Carter Steel to respond to Kenhill's request for production of documents. An agreed judgment entry filed on August 28, 1997 provided that the status quo would be maintained with respect to the real estate at 1240 Carlisle Avenue. However, the entry further stated that Carter Steel could enter into an agreement for the sale of this real estate, but could not close the sale until further order of the court. The entry also provided that the $116,000 of funds held by Danis Building Construction Co., the parent corporation of Kenhill, would be maintained by Danis pending further order of the court.
On September 10, 1997, after a hearing concerning discovery issues, the trial court continued the attachment hearing to September 26, 1997 and ordered that the agreed entry would remain in effect. Carter Steel then filed its request for production of documents. On September 16, 1997, Carter Steel filed an answer and counterclaim. In this counterclaim, Carter Steel set forth claims for slander of title, intentional misrepresentation, negligent misrepresentation, and the tort of business interference and interference with prospective advantage. On September 18, 1997, Carter Steel also filed a request for documents in a "Notice of Deposition" directed to Kenhill.
On September 26, 1997, Carter Steel filed a motion to compel production of documents and a motion in limine to exclude certain reports at the attachment hearing. The trial court continued the hearing set for that day to October 23, 1997; this, however, was after a hearing concerning the issues and arguments relating to this case. In the meantime, the trial court stated that the agreed journal entry would remain in effect. On October 17, 1997, Carter Steel filed another motion to compel production of documents. After determining that Kenhill was likely to contest this motion and did not have sufficient time to respond prior to the scheduled hearing date, the trial court then ordered that the hearing be vacated.
On October 28, 1997, Kenhill filed a Civ.R. 12(B)(6) motion to dismiss Carter Steel's counterclaim. Ten days later, Carter Steel filed a motion to compel Kenhill to post bond under R.C.2715.044 and Civ.R. 65(C). Thereafter, Kenhill filed a memorandum contra to Carter Steel's motion to compel discovery. On November 12, 1997, Carter Steel filed a motion to file a reply in support of its motion to compel discovery along with its reply. Kenhill filed a memorandum in opposition to Carter Steel's motion to compel the posting of bond on November 17, 1997. On that same day, Carter Steel filed a memorandum in opposition to the motion to dismiss its counterclaim. A reply memorandum by Kenhill followed.
Thereafter, on December 1, 1997, the trial court denied Carter Steel's motion to compel discovery and specifically ordered that this case be set for final hearing. Carter Steel next filed a reply to Kenhill's response to its motion to compel the posting of bond and also a surreply to the motion to dismiss its counterclaim. After the award was made in the arbitration proceeding, Kenhill sought to dismiss its complaint. On March 4, 1998, the trial court issued its entry granting the dismissal of both Kenhill's complaint and Carter Steel's counterclaim. In addition, the trial court ruled that Carter Steel's motion to compel the posting of bond was rendered moot by virtue of these dismissals.
Carter Steel now appeals from the trial court's decision and raises the following three assignments of error:
 The trial court erred when it failed to require Kenhill to post a bond required by both O.R.C. Section 2715.044 and Ohio R.Civ.P. 65(C).
 The trial court's failure in its order of March 4, 1998 to require the posting of a bond deprived appellant of remedies provided by rule and statute.
 The trial court erred in its order of March 4, 1998 in granting Kenhill's Ohio R.Civ.P. 12(B)(6) motion when it was clear that Carter Steel was entitled to relief.
Given the trial court's determinations in this case, we will first consider Carter Steel's assertion that the trial court erred in dismissing its counterclaim pursuant to Civ.R. 12(B)(6). In its third assignment of error, Carter Steel contends that the trial court failed to apply the appropriate standards for determining a Civ.R. 12(B)(6) motion. More specifically, its argument is that the trial court erred because it considered matters beyond the pleadings in reaching its decision and that it failed to look at whether Carter Steel could have proven any set of facts which would have allowed it to recover.
In order to grant a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the pleadings that Carter Steel can prove no set of facts entitling it to recover. York v. Ohio State Hwy.Patrol (1991), 60 Ohio St.3d 143, 144. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the allegations in the pleadings and cannot consider outside evidentiary materials unless the motion is converted to a motion for summary judgment. SeePetrey v. Simon (1983), 4 Ohio St.3d 154. When reviewing a Civ.R. 12(B)(6) dismissal, appellate review is de novo. Hunt v.Marksman Prod., Div. of S/R Industries, Inc. (1995),101 Ohio App.3d 760.
In this case, the trial court found that Carter Steel's claims asserted in the counterclaim were not stated as damages resulting from the filing of this action, but alleged that Kenhill made false and misleading statements in its amended complaint. Because the counterclaim was based upon statements made in the pleadings, the trial court applied the doctrine of absolute privilege in a judicial proceeding. In reviewing the allegations of the counterclaim, we find that Carter Steel alleged that Kenhill falsely alleged a potential damage claim of $4,000,000 in its amended complaint and other related pleadings, that the amended complaint failed to disclose a setoff of more than $230,000 owed to Carter Steel by Kenhill, and that as a result of the false statements, Benjamin Steel withdrew its offer to purchase real estate owned by Carter Steel for $1,600,000. The following four counts of the counterclaim restated these allegations "as if fully restated."
Under the doctrine of absolute privilege, a claim alleging that a defamatory statement was made in a written pleading in a judicial proceeding does not state a cause of action where the allegedly defamatory statement bears some reasonable relation to the proceeding in which it appears. Surace v. Wuliger (1986),25 Ohio St.3d 229, syllabus. The determination of whether the doctrine of absolute privilege is applicable in a given case is necessarily one of law for the trial court to determine. Id. at 234. In addition, the truth of the alleged defamatory statement is not relevant in the determination. Id.
We find that the trial court properly dismissed the counterclaim in this case. The statements at issue were made in a pleading in the Kenhill-Carter Steel attachment proceeding itself. Thus, the doctrine of absolute privilege applies if the statements have some reasonable relation to the proceeding in which they appear. An allegation about the damages owed by Carter Steel is related to an attachment action arising out of the arbitration action for those damages. As provided in R.C. 2715.03, the procedure for obtaining an order of attachment includes setting forth the "nature and amount of the plaintiff's claim." Accordingly, Carter Steel's third assignment of error is overruled.
Carter Steel's second and third assignments of error challenge the trial court's refusal to grant its motion to compel the posting of a bond. R.C. 2715.044 addresses the posting of a bond and provides, in pertinent part, as follows:
 An order of attachment issued by a court shall not be effective until the plaintiff that filed the motion for attachment files with the court a bond to the defendant against whom the motion was filed, executed by the plaintiff's surety, in an amount twice the approximate value of the property to be attached under the order, to the effect that, should judgment be issued against the plaintiff, the plaintiff will return the property taken or pay the value so assessed, at the election of the defendant, and also pay the damages suffered by the defendant as a result of the taking and detention of, and any injury to, the property and the costs of the action.
At the outset, we note that no actual order of attachment was ever issued by the trial court in this case. Nevertheless, Carter Steel argues that there was in effect an order of prejudgment attachment because the trial court continued the "status quo" order. Reviewing the record of this case, we find that Carter Steel agreed to maintain the status quo without bond in the first place. Furthermore, the prejudgment hearing was rescheduled several times because of the discovery issues and after a hearing. It is also apparent that there was some delay from Carter Steel's motion to compel discovery, which was ultimately denied by the trial court. However, at no time did Carter Steel move the trial court to have the status quo order vacated. More importantly, the status quo order did not preclude Carter Steel from entering into a contract to sell its real estate, but merely required court approval prior to closing.
In sum, in deciding this issue, the trial court concluded that there was no de facto attachment or "taking" here so as to warrant a bond. Under the circumstances of this case, we cannot find that the trial court's judgment that there was no order of attachment under the statute is either against the weight of the evidence, contrary to law, or otherwise an abuse of discretion. Similarly, there has been no preliminary injunction issued for purposes of Civ.R. 65(C) and no findings in that regard. For these reasons, we cannot find that the trial court erred in refusing to grant the motion for posting of bond.
Accordingly, Carter Steel's first and second assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 EVANS and HADLEY, JJ., concur.