Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc. R. 12(5).
Plaintiff-appellant, Kurt A. Helton, a prisoner, is currently incarcerated at North Central Correctional Institution in Marion, Ohio. Defendant-Appellees John Vermillion, Charly Inmon, Marc Coffman, and Nick Sayre are police officers for the City of Kenton who arrested Helton on March 18, 1998. James Niederkohr, also a defendant-appellee, is Helton's parole officer.
On March 14, 1998 the Kenton Police Department received information that a teenager who had been reported missing was located at Kurt Helton's residence. Upon location of Helton at his sister's residence, officers arrested him. He was subsequently charged with obstruction of justice and parole violations that resulted in his current prison confinement.
On May 17, 1999, Helton filed a complaint for violation of his constitutional rights pursuant to 42 U.S.C. § 1983 naming the above police officers and his parole officer as defendants. In response to the complaint Defendants filed a motion to dismiss with the Court in June of 1999. On August 25, 1999 the Court of Common Pleas of Hardin County granted the Defendant's motion to dismiss for failure to state a claim. It is from this dismissal that Helton now appeals.
Helton's assignments of error are repetitive and disjointed, but we understand his complaint to be that the trial judge erred by dismissing the above action for failure to state a claim and further erred by failing to join additional defendants.
In order to dismiss a complaint for failure to state a claim upon which relief can be granted, under Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v.Univ. Community Tenants Union, Inc (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. "[I]n construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party."York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 144,573 N.E.2d 1063, 1064-1065, quoting Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. Appellate review of a Civ.R. 12(B)(6) dismissal is de novo. Hunt v. MarksmanProd., Div. of S/R Industries, Inc.(1995), 101 Ohio App.3d 760,656 N.E.2d 726. Therefore, we must, for purposes of this appeal, take all of the appellant's allegations as true.
Helton alleges that the police officers of the City of Kenton conspiring with the parole department arrested him, searched his home and thereafter placed him in confinement. Taking all this as true this court must examine whether that alone establishes a cause of action for deprivation of constitutional rights which may be maintained pursuant to 42 U.S.C. § 1983.
It is well-settled that a prisoner cannot challenge the fact or length of his confinement until the underlying conviction has been set aside. A state prisoner does not state a cognizable claim under 42 U.S.C. § 1983 challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a write of habeas corpus under 28 U.S.C. § 2254. Heck v. Humphrey (1994),512 U.S. 477, 486-87; Chatman v. Slagle (6th Cir. 1997), 107 F.3d 380,382.
The record reveals that Helton, currently a prisoner at the North Central Correctional institution, is challenging the fact of his lawful confinement at that institution purporting to proceed under 42 U.S.C. § 1983. It reveals further that Helton's underlying conviction based on the arrest and search and which resulted in his confinement has not been reversed on direct appeal, expunged by an executive order, declared invalid by the State of Ohio, or called into question by the issuance of writ of habeas corpus. As a result, Helton does not state a claim that may be maintained under 42 U.S.C. § 1983.
Despite this, Helton argues that the trial court erred when it failed to join additional defendants. 42 U.S.C. § 1983 provides a cause of action against "every person who, under color of any statute of any State subjects, or causes to be subjected, any citizen to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."
The complaint reveals and Helton acknowledges that the two people he sought to join under Ohio Civil Procedure Rule 19 were not acting in a governmental capacity, but were merely individuals acting as individuals. As a result, had Helton plead a valid claim under 42 U.S.C. § 1983 it would have been improper to join the defendants because they were not acting under color of state law in any way.
No error having been shown the judgment of the Court of Common Pleas of Hardin County is affirmed.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.