[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In a single assignment of error, the appellant contests the judgment of the trial court granting the appellee's motion to dismiss his complaint for declaratory judgment. In his complaint, the appellant alleged that, in 1988, the appellee had sentenced him to eight to fifteen-years' incarceration on each of eight counts of felonious assault and had ordered the sentences to run consecutively. The appellant further alleged that the appellee had failed to sentence him in accordance with former R.C. 2929.41(E)(2), which provided,
 (E) Consecutive terms of imprisonment imposed shall not exceed:
* * *
 (2) An aggregate minimum term of fifteen years * * *, when the consecutive terms imposed are for felonies other than aggravated murder or murder.
 The dismissal ordered by the trial court was pursuant to Civ.R. 12(B)(6). To justify the dismissal, the court had to analyze the complaint and conclude that, beyond doubt, the appellant could prove no set of facts entitling him to recovery.[1] All of the material allegations in the complaint had to be taken as true, and all reasonable inferences had to be made in favor of the appellant.[2] We review the trial court's dismissal de novo.[3]
We agree that the appellant failed to state a claim upon which relief could be granted. Pursuant to State v. White,[4] the provisions of former R.C. 2929.41(E)(2), in effect at the time of the appellant's sentencing, were self-executing, operating on their own to limit the aggregate minimum sentence to fifteen years. Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.
[1] O'Brien v. University Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
[2] See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548, 605 N.E.2d 378.
[3] Hunt v. Marksman Prod., Div. of S/R Industries, Inc. (1995),101 Ohio App.3d 760, 656 N.E.2d 726.
[4] (1985), 18 Ohio St.3d 340, 481 N.E.2d 596.