JOURNAL ENTRY AND OPINION
{¶ 1} The appellant[1], William R. Bennett, appeals the judgment of the Cuyahoga County Court of Common Pleas, Civil Division, which dismissed the instant action holding that his state law claims were preempted by the Employee Retirement Income Security Act of 1974 (ERISA). For the following reasons, the judgment of the lower court is hereby affirmed.
 {¶ 2} In the mid-1960's, Bennett founded Vision Service Plan ("Ohio VSP") and served as its President. Thereafter, in 1992, Ohio VSP and Vision Service Plan of California ("VSP") entered into an affiliation agreement and the two entities merged. After the merger, Bennett remained an employee/consultant of VSP until January 2, 2001.
 {¶ 3} While employed at VSP, Bennett agreed to defer a substantial portion of his income pursuant to a deferred compensation agreement with VSP. The deferred compensation agreement provided that Bennett was the sole beneficiary of two unfunded, deferred compensation plans. The plans were intended to defer taxation and later provide retirement income for Bennett. The plan's funds and assets were held in custodial accounts, first with Bank of America ("BOA"), then with Bank of New York ("BNY"), and eventually with Key Bank ("KEY").
 {¶ 4} In January of 1994, VSP appointed Cashel Management ("Cashel"), an investment advisory firm, to serve as manager of the assets and investments that VSP chose to accumulate in order to fund its future payment obligations under the deferred compensation agreement with Bennett. Thereafter, it is alleged that Cashel began to perpetrate a financial scam that depleted the assets of the compensation plan which was intended to fund Bennett's retirement.
 {¶ 5} It is alleged that Cashel depleted the assets of said compensation accounts by repeatedly making wire transfers from said accounts to a failed dot-com start-up known as Rx Remedy. It is further alleged that both BOA and KEY ignored the limits of authority granted to Cashel under each bank's respective account agreements in relation to the plan's funds. Bennett contends that both banks gave Cashel possession of property and assets held in the respective accounts and allowed Cashel to cash in and out of the accounts at will. Bennett asserts that the acts of Cashel and the banks circumvented both the account agreements and each bank's respective internal policies.
 {¶ 6} In discovering that the plans, which were intended to fund his retirement, had been depleted, Bennett filed the instant action asserting claims for breach of contract, bad faith, and violation of Ohio's Corrupt Activity Act, pursuant to R.C. 2923.32. Thereafter, Key answered and filed motions to dismiss arguing that all of the claims asserted by Bennett were preempted by ERISA, and the lower court granted the dismissal.
 {¶ 7} Following the lower court's decision on the preemption issue, BOA filed a motion for judgment on the pleadings asserting the same preemption argument as Key and that, too, was granted by the lower court.[2]
 {¶ 8} It is from this judgment of the lower court, that Bennett now appeals. For the following reasons, the judgment of the lower court is hereby affirmed.
 {¶ 9} The appellant presents one assignment of error for this court's review:
 {¶ 10} "I. The trial court erred in finding that plaintiff-appellant's claims against defendant-appellee Key Trust Company of Ohio and defendant-appellee Bank of America N.A. are pre-empted by the Employee Retirement Security Act of 1974 (ERISA)."
 {¶ 11} In order to prevail on a motion to dismiss, pursuant to Civ.R. 12(B)(6), it must appear "* * * beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Byrd v. Faber (1991), 57 Ohio St.3d 56, 60. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel.Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd at 60, citing Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192.
 {¶ 12} While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss."State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 242, 245. See, also, Spalding v. Coulson (1993),104 Ohio App.3d 62.
 {¶ 13} Since factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. Hunt v. Marksman Prod., Div. ofS/R Indus., Inc. (1995), 101 Ohio App.3d 760, 762.
 {¶ 14} In this instant action, the appellant asserts claims for breach of contract, negligence, and violations of R.C. 2923.32, Ohio's Corrupt Activity Act, each directly related to the mismanagement of the appellant's employee benefits plan/accounts by Cashel. Accordingly, under29 U.S.C. § 1144(a), ERISA preempts state law and state law claims that "relate to" any employee benefit plan as that term is defined therein. Pilot Life Insurance Co. v. Dedeaux (1987), 481 U.S. 41,95 L.Ed.2d 39, 107 S.Ct. 1549. The phrase "relate to" is given broad meaning such that a state law cause of action is preempted if "it has connection with or reference to that plan." Metropolitan Life Ins. Co. v. Mass. (1985), 471 U.S. 724, 730, 105 S.Ct. 2380, 85 L.Ed.2d 728. Such claims are preempted if they "relate to" an ERISA plan whether or not they were so designed or intended. Daniel v. Eaton Corp. (6th Cir., 1988)839 F.2d 263, cert. denied, 488 U.S. 826, 102 L.Ed. 52, 109 S.Ct. 76. It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit. Scott v. Gulf Oil Corp. (6th Cir. 1985),754 F.2d 1499. Nor is it relevant to an analysis of the scope of federal preemption that appellants may be left without remedy. Caterpillar Inc.v. Williams (1987), 482 U.S. 386, 96 L.Ed.2d 318, 107 S.Ct. 2425.[3]
 {¶ 15} In reviewing the record, it is abundantly clear that all of the appellant's state law claims relate to an employee benefit plan. Moreover, all of the issues in this matter relate to an employee benefit plan and involve allegations of failure to pay benefits under said employee benefit plan. The appellant was to benefit from two separate employee benefit plans, the assets of which were to be utilized to fund his retirement. However, when he attempted to collect funds from these plans, it was discovered that, due to the "alleged" mismanagement by Cashel, the funds/accounts were virtually depleted. Thereafter, the appellant filed the instant action asserting the aforementioned state claims. As stated in Scott, supra, it is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit.
 {¶ 16} In the instant matter, each and every cause of action goes directly to the ability to recover from an ERISA plan benefit; therefore, as specifically delineated by Congress under29 U.S.C. § 1144(a), ERISA preempts state law and state law claims that "relate to" any employee benefit plan as that term is defined therein. Pilot Life, 481 U.S. 41. As such, we can find no reason to disturb the judgment of the lower court. The claims asserted are intimately related to the appellant's ability to collect under a covered employee benefit plan and are summarily preempted by ERISA.
Judgment affirmed.
COLLEEN CONWAY COONEY, J., concurs.
JAMES J. SWEENEY, J., dissents with separate dissenting opinion.
[1] VSP is an involuntary plaintiff, pursuant to Rule 19 of the Ohio Rules of Civil Procedure, as the titled owner of the funds, investments and assets subject of this action. William R. Bennett is the sole appellant herein.
[2] BOA initially answered and filed a third-party complaint. Due to the lower court's grant of BOA's judgment on the pleadings, BOA dismissed its third-party claims.
[3] The United States Supreme Court has held that Congress' intent in enacting ERISA was to completely preempt that area of employee benefit plans and to make regulation of benefit plans solely a federal concern. Pilot Life, 481 U.S. at 41. Moreover, the 6th Circuit, has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA. See, e.g., Ruble v. UNUM Life Ins.Co. (6th Cir., 1990), 913 F.2d 295; Davis v. Kentucky Finance Cos.Retirement Plan (6th Cir., 1989), 887 F.2d 689, cert. denied, 495 U.S. 905,109 L.Ed.2d 288, 110 S.Ct. 1924 (1990); McMahan v. New England Mut. LifeIns. Co. (6th Cir., 1989), 888 F.2d 426.