JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant, Superior Piping Contractors, Inc., appeals the trial court's dismissal with prejudice of its claims against appellee, Reilly Industries, Inc. For the following reasons, we affirm the judgment of the trial court, which found appellant lacked standing to bring its claims.
 {¶ 3} The appellant, Superior Piping Contractors ("Superior"), was initially incorporated in 1988. Mr. Zetts is the President and sole owner of Superior. Superior's articles of incorporation were cancelled by the State of Ohio on November 30, 1990, with notification, for non-payment of taxes. Superior is still in business. Mr. Zetts continues to bid on projects and draws a paycheck from Superior.
 {¶ 4} The following appeal stems from an alleged breach by Reilly Industries ("Reilly") of a 1998 settlement agreement entered into between Superior and Reilly. Superior is seeking compensation in the amount of $163,647.18, plus interest of 10 percent per annum from September 30, 1996. This settlement agreement was based upon the resolution of claims Superior asserted against Reilly in a previous 1997 lawsuit in which Superior sought recovery for various improvements performed to Reilly's property.
 {¶ 5} In a complaint filed on January 16, 2002 against Reilly, Superior claimed breach of the settlement agreement, fraud, unjust enrichment, conversion, and replevin. On October 2, 2002, Reilly filed a motion for summary judgment claiming, inter alia, Superior was not a real party in interest and lacked standing to assert its claims because Superior's articles of incorporation had been cancelled twelve years earlier.
 {¶ 6} On February 7, 2003, the trial court dismissed Superior's claims with prejudice holding:
 {¶ 7} "The Court, having reviewed all evidentiary materials filed by the parties and having read all arguments on the issue of standing, hereby dismisses Plaintiff's Complaint. The Court finds the facts of BainBuilders v. Huntington National Bank (July 5, 2001), Cuyahoga App. No. 78442, and the law contained therein, more analogous to the facts in this case than Thom's Inc. v. Rezzano (Nov. 10, 1988), Cuyahoga App. Nos. 54541, 54671, 54691. Plaintiff does not have standing to bring these claims. Court cost assessed to the Plaintiff(s)."
 {¶ 8} Appellant brings the following timely appeal, asserting this sole assignment of error for our review:
 {¶ 9} "The trial court erred in holding that appellant superior piping contractors, Inc. lacked standing to pursue its claims against appellee reilly industries, Inc."
 {¶ 10} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. "All factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v. Faber (1991), 57 Ohio St.3d 56, 60, citingMitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.
 {¶ 11} While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss."State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 242, 245. See, also, Spalding v. Coulson (1993),104 Ohio App.3d 62.
 {¶ 12} Since factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. Hunt v. Marksman Prod., Div. ofS/R Indus., Inc. (1995), 101 Ohio App.3d 760, 762.
 {¶ 13} Appellant claims Reilly lacks the authority to assert lack of corporate capacity as a defense to Superior's claims, pursuant to R.C. 1701.13(H). We find this argument without merit.
 {¶ 14} R.C. 1701.13(H) states:
 {¶ 15} "No lack of, or limitation upon, the authority of a corporation shall be asserted in any action except (1) by the state in an action by it against the corporation, (2) by or on behalf of the corporation against a director, an officer, or any shareholder as such, (3) by a shareholder as such by or on behalf of the holders of shares of any class against the corporation, a director, an officer, or any shareholder as such, or (4) in an action involving an alleged overissue of shares. This division shall apply to any action brought in this state upon any contract made in this state by a foreign corporation."
 {¶ 16} Because Superior's articles of incorporation had been canceled for twelve years, Superior was not a corporation at the time of the suit. Therefore, Superior, acting as a corporation, had no capacity to commence an action. To argue that the corporation does not exist is not to assert a mere "lack of or limitation of authority." The claim here goes to the existence of the corporation, not limits on it. Thus R.C.1701.13(H) does not apply.
 {¶ 17} To follow appellant's logic would allow any person to form a corporation simply by writing "Inc." after its name. R.C. 1701.13(H) only applies to corporations that comply with the provisions found in R.C.1701.01 et seq. To hold otherwise would be absurd.
 {¶ 18} The logic found in the cases, Bain Builders v. HuntingtonNational Bank (July 5, 2001), Cuyahoga App. No. 78442, and BenefitManagement Consultants (May 22, 1996), Summit App. No. 17488, is applicable to the instant matter.
 {¶ 19} In Bain, the court held the legal existence of a corporation begins with the filing of the articles of incorporation. R.C. 1701.04(E). It is this legal existence that gives the corporation the legal capacity to sue. R.C. 1701.13(A). When a corporation's articles of incorporation have been cancelled, that corporation has no standing to institute a lawsuit. The corporation that was at issue in Bain had its articles of incorporation cancelled 18 months before filing suit. In the instant matter, Superior's articles of incorporation were cancelled 12 years before filing this suit.
 {¶ 20} In Benefit Management Consultants, the court specifically addressed the issue of whether R.C. 1701.13(H) applied to a corporation for which the articles of incorporation were cancelled prior to filing suit. The court held, "R.C. 1701.13(H), which limits the assertion of the ultra vires defense, does not apply after a corporate charter has been cancelled. * * * Moreover, we are concerned not with Appellant's capacity to contract, but with its capacity to commence the action; unless the corporation later seeks reinstatement, capacity to sue should be determined from the law and facts existing when the action was filed." Id. at 3.
 {¶ 21} The only exception to the general rule concerns the winding up of a corporation under R.C. 1701.88(A) which states:
 {¶ 22} "When * * * the articles of a corporation have been cancelled, the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs, or to obtain reinstatement of the articles of incorporation in accordance with section1701.07 * * * of the Revised Code * * * and for such purposes it shall continue as a corporation."
 {¶ 23} Thus, even if the articles of incorporation are cancelled, if the corporation continues to exist for the purpose of winding up its affairs, all provisions of R.C. 1701.01, including 1701.13(H), would still apply. In the instant matter, the testimony of Mr. Zetts shows Superior was not in the process of winding up its affairs. Superior continued to operate its business, including bidding on new jobs, since the cancellation of its articles of incorporation in 1990. No evidence to the contrary was submitted to prove that Superior was winding up its corporate affairs; therefore, Superior is not entitled to the R.C.1701.88(A) exception.
 {¶ 24} The dismissal of appellant's claims by the trial court for lack of standing was proper.
Judgment affirmed.
JAMES J. SWEENEY, J., AND DIANE KARPINSKI, J., CONCUR.