DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Co Le'Mon, LLC (Co Le'Mon), appeals the decision of the Lorain County Court of Common Pleas which granted Appellee's, Host Marriott Corporation (Marriott), motion to dismiss Co Le'Mon's complaint for failure to state a claim upon which relief can be granted. We reverse and remand.
 {¶ 2} On December 6, 2002, Co Le'Mon filed a complaint in the Lorain County Court of Common Pleas which set forth five causes of action against Marriott arising from a lease agreement. Appellant, Co Le'Mon LLC, is a Delaware limited liability company registered to do business in Ohio. Co Le'Mon Ltd. is an Ohio limited liability company, and was not a party to the case and is not a party to this appeal. Co Le'Mon asserted that the unpaid rent, utilities, a mechanic's lien and real estate taxes associated with the lease totaled $206,720.59. The complaint alleged that on May 5, 1977, Co Le'Mon's predecessors in interest, James and Mary Abraham, entered into a lease with Marriott, and that Marriott subsequently assigned the lease to Elias Brothers Restaurants, Inc. on April 19, 1985. The complaint also noted that the lease was amended several times between 1977 and 1984. Pursuant to the terms of the lease, Marriott agreed to remain liable for the timely and full payments of the rent and other expenses associated with the lease.
 {¶ 3} Marriott did not answer the complaint, and Co Le'Mon filed a motion for default judgment. On March 2, 2003, the trial court rendered judgment in favor of Co Le'Mon in the sum of $214,178.53, plus interest at the rate of 10% per annum. On April 28, 2004, Marriott moved the trial court to vacate the judgment based on insufficiency of service. The court vacated the judgment on June 16, 2004. Marriott then moved the trial court to dismiss Co Le'Mon's complaint for failure to state a claim upon which relief could be granted. On September 21, 2004, the trial court granted Marriott's motion to dismiss. Co Le'Mon timely appealed, asserting one assignment of error for our review. Court of Appeals of Ohio, Ninth Judicial District.
 ASSIGNMENT OF ERROR
"The trial [c]ourt erred as a matter of law and to the prejudice of the Appellant by determining that Appellant's complaint fails to state a claim upon which relief can be granted by determining the interest of Appellant (Co Le'Mon LLC) and Co Le'Mon Ltd. merged and were extinguished pursuant to a stipulated bankruptcy order."
 {¶ 4} Co Le'Mon argues that the trial court erred when it granted Marriott's motion to dismiss and found that Co Le'Mon's complaint failed to state a claim upon which relief could be granted. In a journal entry dated September 21, 2004, the trial court stated that "the interests of Co Le'Mon LLC and Co Le'Mon Ltd. have merged and were extinguished pursuant to the stipulated bankruptcy order." We agree with Appellant's assignment of error and reverse and remand the trial court's decision.
 {¶ 5} Civ.R. 12(B) provides, in part:
"When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56."
 {¶ 6} The standard of review for a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is de novo. Hunt v. Marksman Prod. (1995), 101 Ohio App.3d 760, 762. Dismissal is appropriately granted once all the factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the nonmoving party, and it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.
(1992), 65 Ohio St.3d 545, 548. In a case where no writing is attached to the complaint, pursuant to Civ.R. 10(D), the Court will look only to the complaint to determine the legal sufficiency of the allegations. Id.
 {¶ 7} This Court has previously discussed the issue of a trial court ruling on a 12(B)(6) motion to dismiss without converting the proceedings into a motion for summary judgment. In Costoff v. Akron Gen. Med. Ctr.,
9th Dist. No. 21213, 2003-Ohio-962, at ¶ 14, we stated:
"In considering a Civ.R. 12(B)(6) motion to dismiss, a trial court cannot rely upon materials or evidence outside of the complaint. The trial court must review only the complaint and may dismiss the case only if it appears `beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' Should a court choose to consider evidence outside the pleadings, it must convert the motion to dismiss into a motion for summary judgment and provide the parties with sufficient notice of its intent to do so." (Internal citations omitted.)
 {¶ 8} Although the U.S. Bankruptcy Court in the Eastern District of Michigan, Southern Division, docketed a court-approved settlement agreement between Co Le'Mon LLC and the Elias Brothers' bankruptcy estate, it was improper for the trial court to examine any evidence outside the four corners of the complaint. Civ.R. 12(B); Christian v.Twinsburg City School District (Sept. 7, 1988), 9th Dist. No. 13516, at 5. Regardless of what the U.S. Bankruptcy Court entered, this Court finds that this matter was purely a 12(B)(6) motion. The settlement agreement was not attached to the complaint, pursuant to Civ.R. 10(D), and therefore the trial court erred in considering the agreement when reviewing the motion to dismiss.
 {¶ 9} Appellant's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, J., Whitmore, J., concur.