DECISION AND JUDGMENT ENTRY
{¶ 1} Theresa Knipp appeals the Lawrence County Court of Common Pleas' decision dismissing her complaint against the Lawrence County Board of Commissioners (the "Board"), the Lawrence County Department of Job and Family Services (the "Department"), and the American Federation of State, County, and Municipal Employees ("AFSCME").[1] Knipp contends that the trial court erred in determining that her exclusive remedy is to file a grievance, and that it could not grant her relief due to her failure to exhaust her administrative remedies. Additionally, Knipp contends that the trial court erred in finding that she was dismissed from her employment. Because we find that the collective bargaining agreement requires arbitration of disputes related to the terms and conditions of Knipp's employment, and because we find that whether Knipp's employment was actually terminated is irrelevant to the determination of whether Knipp was required to pursue an administrative remedy, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The Board and the director of the Department, pursuant to their authority provided under R.C. 329.02, hired Knipp as a social worker for the Department. R.C. 329.02 provides in pertinent part: "Under the control and direction of the board of county commissioners, the county director of job and family services shall have full charge of the county department of job and family services. * * * The director, with the approval of the board of county commissioners, shall appoint all necessary assistants and superintendents of institutions under the jurisdiction of the department, and all other employees of the department * * *."
 {¶ 3} On September 13, 2002, the Department's director, Buddy Martin, informed Knipp that her employment was terminated. Martin did not obtain the decision or approval of the Board before informing Knipp that she was terminated. Additionally, the Board has not since voted to terminate Knipp. However, the Department has not permitted Knipp to work since September 13, 2002.
 {¶ 4} As an employee of The Department, Knipp was a member of the collective bargaining unit and subject to a collective bargaining agreement (the "Agreement"). The Agreement refers to the Board and the Department collectively as the "Employer." The Agreement recognizes the right of the Employer to administer the business of the agency, including hiring and discharging employees.
 {¶ 5} The Agreement requires employees to follow a grievance procedure when any dispute arises between the Employer and an employee with respect to a corrective action, such as a suspension or discharge from employment. Knipp did not follow the grievance procedure after Martin informed her of her termination. Instead, she filed a complaint in the trial court alleging that the Department did not follow the procedure required by R.C. 329.02 for terminating an employee.
 {¶ 6} The Board and the Department filed a motion to dismiss pursuant to Civ.R. 12(B)(6). The trial court found that the parties did not dispute the facts, including the fact that the Board and the Department dismissed Knipp from her employment. The trial court held that Knipp's exclusive remedy was to file a grievance, which she did not do. Therefore, the court ruled that Knipp failed to exhaust her administrative remedies, and that she had no recourse for relief from the court.
 {¶ 7} Knipp appeals, asserting the following assignments of error: "I. The trial court erred in determining the Plaintiff's exclusive remedy was to file a grievance which she did not do and that by failing to exhaust her administrative remedies, she has no recourse to relief from the Court. II. The trial court erred in determining the Plaintiff was dismissed from her employment."
 II. {¶ 8} In her first assignment of error, Knipp asserts that the trial court erred by holding as a matter of law that her exclusive remedy was to file a grievance. We review questions of law de novo. Hunt v. MarksmanProd. (1995), 101 Ohio App.3d 760, 762. Knipp does not challenge the long-standing principle that a party to a collective bargaining agreement must exhaust his administrative remedies before turning to the court for relief. Nemazee v. Mt. Sinai Med. Ctr. (1990), 56 Ohio St.3d 109, 111. However, Knipp contends that her dispute with her employer falls outside the scope of the Agreement, and that forcing her to follow the grievance procedure to challenge her termination effectively permits the Agreement to take precedence over the obligations imposed upon the Board by the General Assembly in R.C. 329.02.
 {¶ 9} Pursuant to R.C. 4117.10(A), a collective bargaining agreement between a public employer and the bargaining unit "governs the wages, hours, and terms and conditions of public employment covered by the agreement." Knipp does not dispute that her position as a social worker was a "public employment position covered by the agreement." Thus, the Agreement governs the terms and conditions of her employment. We find that Knipp's claims, namely that the Department (through Martin) improperly prevented her from working and failed to follow the proper procedure to terminate her, manifestly relate to the hours, terms, and conditions of her employment. Thus, the Agreement governs a dispute regarding whether the Department improperly prevented Knipp from working and failed to follow the proper procedure to terminate her.
 {¶ 10} Knipp contends that requiring her to file a grievance and exhaust her administrative remedies effectively permits the Agreement to take precedence over a law passed by the General Assembly. Knipp argues that parties cannot bargain away statutorily imposed obligations, like the obligation imposed by R.C. 329.02 that the director obtains the Board's approval to terminate an employee. However, we find that the trial court's holding does not give precedence to the Agreement, because the Agreement is not contrary to R.C. 329.02.
 {¶ 11} R.C. 329.02 provides that the director must obtain the approval of the Board to appoint all employees of the Department. The parties disagree over whether the Board may issue a general approval of the director's authority or must approve each employee. They also disagree about whether the approval requirement for appointing employees also extends to discharging them. However, we find that these questions are irrelevant to the resolution of Knipp's appeal. Regardless of who is empowered to terminate employees and how under R.C. 329.02, the Agreement here does not attempt to alter the rights and obligations conferred by R.C. 329.02. Rather, the Agreement merely outlines the mechanism through which an employee must challenge any action relating to the terms and conditions of her employment.
 {¶ 12} Knipp could have filed a grievance to challenge the Department's actions, and claimed as a basis for that grievance the fact that Martin did not obtain the Board's approval to terminate her. The Agreement does not alter the requirements of R.C. 329.02 by requiring Knipp to file a grievance in order to challenge her termination on the ground that it is contrary to R.C. 329.02. Rather, the Agreement's grievance requirements provide an additional layer of mechanisms via which an employee may challenge a termination on the ground that it is contrary to R.C. 329.02.
 {¶ 13} We find that, regardless of whether the Department terminated Knipp or merely improperly prevented her from working, Knipp's claim constitutes a grievance regarding the hours, terms and conditions of her employment. Therefore, it is subject to the arbitration requirements of the Agreement, and the trial court did not err in determining that Knipp's exclusive remedy was to file a grievance. Accordingly, we overrule Knipp's first assignment of error.
 {¶ 14} Knipp asserts in her second assignment of error that the trial court erred in finding that she was terminated from her employment. Knipp contends that, because the Board never terminated her, she is still an employee and entitled to wages during the time period the Department improperly prevented her from working. Because we find that Knipp's claim relates to the hours, terms and conditions of her employment, we find that the issue of whether the Board and the Department terminated Knipp or merely prevented her from working is irrelevant. In either event, the Agreement required Knipp to file a grievance and exhaust her administrative remedies before filing a claim in the trial court. Therefore, Knipp's second assignment of error is moot, and we decline to address it. See App.R. 12(A)(1)(c).
 {¶ 15} Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Harsha, J., Concurs in Judgment Only.
McFarland, J., Concurs in Judgment and Opinion.
[1] Knipp states that AFSCME is named only because it is a necessary party to her declaratory judgment claim, and that AFSCME is merely a nominal party. AFSCME did not enter an appearance before this court.