OPINION
{¶ 1} Plaintiff-appellant Michael Fuller appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which dismissed his complaint for declaratory judgment in which he sought to have R.C. 2929.41
interpreted and applied to his sentence. Appellant assigns three errors to the trial court:
 {¶ 2} "I. By treating appellee's motion to dismiss as a responsive pleading when the defense of res judicata was improperly raised in a civ. R. 12 (B)(6) motion, the trial court committed prejudicial error by also failing to exclude matters outside the pleadings prior to the considering the motion to dismiss, thereby violating appellant's due process rights.
 {¶ 3} "II. The trial court committed prejudicial reversible error when disposing of the case with prejudice and relying upon the doctrine of res judicata, article I, Section 16 of the ohio constitution and the 14th amendment of the federal constitution.
 {¶ 4} "III. Appellant was denied substantive and procedural due process by being denied his day in court when the trial court refused to declare his rights when a justiciable controversy exists and appellant met statutory and jurisdictional requirements for a declaratory judgment to be rendered, article I, Section 16 of the ohio constitution, 1st and 14th amendments of the federal constitution and R.C. 2721.01, et seq."
 {¶ 5} The record indicates appellant was convicted in 1992, and sentenced in two separate cases to an indefinite aggregate sentence of fifteen to fifty years on various convictions, as well as various definite terms. Appellant alleges he had his first parole hearing in February, 2000, and his next one is scheduled for 2010, which will be eighteen years after he began serving his sentence. Appellant argues this puts him past the fifteen year minimum sentence.
 {¶ 6} The trial court dismissed appellant's complaint, finding it was barred by res judicata. It appears appellant unsuccessfully raised these issues in State v. Fuller (September 17, 2001), Cuyahoga Common Pleas No. 277973.
 I, II, III {¶ 7} Appellant's assignments of error all argue the trial court was incorrect in disposing of the case on a motion to dismiss.
 {¶ 8} Appellant is correct. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint, State ex rel. Hanson v. Guernsey CountyBoard of Commissioners (1992), 65 Ohio St. 3d 545, 605 N.E. 2d 378. Civ. R. 8(C) designates res judicata as an affirmative defense, and Civ. R. 12 (B) does not list res judicata among the defenses that may be raised by that motion, see State ex rel Freeman v. Morris (1991), 62 Ohio St. 3d 107,579 N.E. 2d 702, citations deleted.
 {¶ 9} To dismiss a complaint for failure to state a claim upon which relief may be granted pursuant to Civ. R. 12, it must be shown beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitled him to relief, York v. Ohio State Highway Patrol
(1991), 60 Ohio St. 3d 143, 573 N.E. 2d 1063. In applying this standard, the trial court must assume all factual allegations are true, and draw all reasonable inferences in favor of the non-moving party. Appellate review of a dismissal is de novo, Hunt v. Marksman Products Division ofS/R Industries, Inc. (1995), 101 Ohio App. 3d 760, 656 N.E. 2d 726.
 {¶ 10} Thus, this court must review the complaint and determine whether, within the four corners of this document, appellant has stated a claim for relief which could be granted.
 {¶ 11} Appellant's complaint outlines the nature of the controversy: "(A) Plaintiff contends the Department of Rehabilitation and Corrections is without authority to determine independently that plaintiff should serve more than the statute's 15 year limit set forth in R.C. 2929.41
section (E)(3). (B) Defendant contends that it can exceed the sentencing authority that the General Assembly granted." Complaint, p. 3.
 {¶ 12} In Herrick v. Kosydar (1975), 44 Ohio St. 2d 128, 339, N.E. 2d 626, the Ohio Supreme Court set forth the elements of a declaratory judgment action: (1) The plaintiff must show a real controversy exists between the parties; (2) The controversy is justiciable in nature; and (3) The speedy relief afforded by a declaratory action is necessary to preserve whatever rights might be lost.
 {¶ 13} Appellant's allegation is R.C. 2929.41 as it existed when he was sentenced required consecutive terms of imprisonment shall not exceed an aggregate minimum term of 15 years when consecutive terms are imposed for felonies other than aggravated murder or murder. Appellant was not convicted of aggravated murder or murder.
 {¶ 14} Appellant argues the Adult Parole Authority is without authority to determine independently that he should serve more than the minimum sentence. Appellant alleges he appeared before the parole board on February 24, 2000. The parole board found appellant was not eligible for parole at that time and set the next hearing for a date in 2010. Appellant asserts this is tantamount to being sentenced to ten more years in prison. We do not agree.
 {¶ 15} R.C. 2929.41 set limits on the minimum sentence. It did not limit or reduce appellant's maximum indefinite sentence. In CR276787 the trial court sentenced appellant to three concurrent terms of ten to twenty-five years, three to fifteen years and two years definite. In CR277973, the court sentenced appellant to concurrent terms of ten to twenty-five years on count one, eight to fifteen years on count two, 30 days on count three, and six months on count four. The sentences in CR276787 are to be served consecutively to the sentences imposed in CR277973. Appellant's argument the parole board illegally extended his sentence when it denied him a parole hearing after he has served fifteen years is not supported by the record and has no basis in law.
 {¶ 16} We have reviewed the complaint de novo, and we find appellant's complaint does not establish the elements necessary to obtain a declaratory judgment. For this reason, dismissal for failure to state a claim was proper.
 {¶ 17} Each of appellant's assignments of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.