JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Great Lakes Business Interiors, Ltd. ("Great Lakes"), appeals from a common pleas court order granting defendant-appellee, City of Westlake's, motion to dismiss Great Lakes' complaint. We agree that the court erred by dismissing the complaint, and therefore reverse and remand for further proceedings.
 {¶ 2} The complaint in this case was filed on July 1, 2004 and amended with leave of court on January 14, 2005. The amended complaint asserted that Great Lakes agreed to provide, and Westlake agreed to pay it for, space planning, layout, design, and contractors' services and materials for the construction of Westlake City Hall. Great Lakes submitted invoices to Westlake totalling $44,000 which Westlake did not pay. Westlake also required Great Lakes to perform additional work beyond the terms of the contract, for which Great Lakes claimed it was due $42,200. Great Lakes also claimed Westlake was liable for penalty interest and fees. Great Lakes further asserted that Westlake breached express and implied warranties regarding the accuracy, completeness, and suitability of the plans and specifications.
 {¶ 3} Westlake answered and asserted that the complaint failed to state a claim in addition to various affirmative defenses. Shortly thereafter, Westlake also filed a motion to dismiss for failure to state a claim. In its motion, Westlake denied that it had a contract with Great Lakes, and instead asserted that Great Lakes acted as the agent of the Office Furniture Store ("OFS") and Flex-Y-Plan, with whom Westlake did contract. Westlake further argued that it could not be liable to Great Lakes under an unjust enrichment theory. Attached to the motion was the affidavit of Westlake's director of purchasing.
 {¶ 4} Great Lakes responded, arguing, first, that Westlake had not shown that the complaint failed to state a claim because the complaint alleged the existence of a contract. Second, Great Lakes urged that if the court chose to treat the motion to dismiss as a motion for summary judgment, Westlake had failed to show that there were no genuine issues of material fact. Westlake replied; Great Lakes filed a surreply. The court granted Westlake's motion on August 18, 2005, in an entry which stated: "Motion to Dismiss filed on 3/22/05 is granted. Case dismissed. Costs to Plaintiff. Final." Great Lakes now appeals.
 {¶ 5} A common pleas court's decision on a motion to dismiss is a matter of law which we review de novo. Hunt v. MarksmanProds. (1995), 101 Ohio App.3d 760, 762. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * *" O'Brien v. UniversityCommunity Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus (citation omitted). The court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party."Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192,532 N.E.2d 753.
 {¶ 6} Where, as here, a motion to dismiss for failure to state a claim includes matters outside the pleadings, the court may treat the motion as a motion for summary judgment. However, the court must provide the parties with notice that it intends to do so. State ex rel. V Cos. v. Marshall, 81 Ohio St.3d 467,470, 1998-Ohio-329. The trial court here gave no notice that it intended to treat Westlake's motion as a motion for summary judgment, nor did its ruling indicate that it was treating the motion as such. Therefore, we presume that the court ignored the evidentiary materials presented by the parties and treated the motion as a motion to dismiss.
 {¶ 7} Assuming that all factual allegations of the amended complaint are true, and making all reasonable inferences in favor of Great Lakes, it does not appear beyond doubt that Great Lakes can prove no set of facts entitling it to relief. If the facts alleged in the complaint are true, Great Lakes has a contract with Westlake, and Westlake failed to pay it for its services pursuant to that contract. Accordingly, the common pleas court erred by granting Westlake's motion to dismiss the complaint for failure to state a claim, and we must reverse the trial court's judgment and remand for further proceedings.
 {¶ 8} Of course, this ruling does not preclude Westlake from filing a motion for summary judgment on remand. Evidence may provide the court with a sufficient explanation of the parties' relationships — if any — with one another and/or with Flex-Y-Plan to permit judgment. The pleadings, however, do state a claim on their face.[1] Therefore, the court erred by dismissing the complaint.
Reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J. and McMonagle, J. concur.
[1] Remedies may be available to Westlake if Great Lakes' claims are unsupported by fact or law. See R.C. 2323.51; Civ.R. 11.