DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Gloria Polzin, appeals from the trial court's dismissal of the sole remaining count in her complaint. This Court affirms.
 I. {¶ 2} Appellant was an employee of Appellee, The Mail Room, during the early months of 2004. In January of 2004, Appellant filed a workers' compensation claim. On April 7, 2004, Appellant was terminated from her employment for refusing a work assignment; an assignment which she alleged violated the restrictions placed on her by a physician.
 {¶ 3} On October 1, 2004, Appellant filed a complaint against Appellee alleging a statutory violation of R.C. 4123.90, i.e., that she was fired in retaliation for filing her workers' compensation claim. Additionally, Appellant alleged a second cause of action, a public policy tort, alleging that she was terminated in violation of the public policy contained in R.C.4123.90. The matter was set for trial on September 12, 2005. Prior to that time, this Court issued Coon v. Technical Constr.Specialties, Inc., 9th Dist. No. 22317, 2005-Ohio-4080. Relying on Coon, Appellee moved to dismiss Appellant's public policy cause of action. The trial court agreed that Coon was controlling and dismissed the public policy claim contained in Appellant's complaint. Appellant then voluntarily dismissed the remaining count in her complaint, causing the trial court's earlier dismissal to become final and appealable. Thereafter, Appellant timely appealed the trial court's judgment, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PUBLIC POLICY CLAIM."
 {¶ 4} In her sole assignment of error, Appellant contends that the trial court erred in dismissing her public policy tort. We disagree.
 {¶ 5} This Court conducts a de novo review of a trial court's decision to dismiss for failure to state a claim upon which relief can be granted. Hunt v. Marksman Prod., Div. of S/RIndustries, Inc. (1995), 101 Ohio App.3d 760, 762. Dismissal is appropriately granted once all the factual allegations of the complaint are presumed true, all reasonable inferences are made in favor of the nonmoving party, and it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief. State ex rel. Hanson v. Guernsey Cty.Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548.
 {¶ 6} Appellant correctly notes that this case is controlled by Coon. In Coon, we held that no public policy tort exists for alleged violations of R.C. 4123.90. Coon at ¶ 23-27. Appellant, however, urges this Court to overrule Coon. In her brief, however, Appellant provides no rationale for this Court to revisit a decision which we issued approximately one year ago. While Appellant alleges that her damages for a statutory claim are limited, this Court found in Coon that the statutory remedy provided by R.C. 4123.90 "adequately protects the public policy purpose of R.C. 4123.90." Id. at ¶ 26. Additionally, Appellant alleges that Coon should be overruled because it is in conflict with other districts. This fact was discussed in Coon, and we found the conflicting cases to be unpersuasive. Id. at ¶ 20-21. Accordingly, until the Ohio Supreme Court has spoken, we find no rationale to revisit our decision. We adhere, therefore, to our position in Coon. The trial court correctly found that Appellant failed to state a claim and properly dismissed her cause of action. Appellant's sole assignment of error is overruled.
 III. {¶ 7} Appellant's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J. Carr, J. concur.