DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant Brian Hie Herron has appealed from the judgment of the Summit County Court of Common Pleas which granted summary judgment in favor of Defendant-Appellee DJT Enterprises, Inc. This Court affirms.
 I {¶ 2} The instant appeal arises from a complaint filed by Plaintiff-Appellant Brian Hie Herron against Defendant-Appellees DJT Enterprises, Inc. ("DJT") and Cavanaugh Building Corporation ("Cavanaugh") (collectively Appellees) which alleged worker's compensation retaliation and wrongful *Page 2 
termination in violation of public policy. Each of Appellant's causes of action arose from an alleged violation of R.C. 4123.90.
 {¶ 3} On July 8, 2005, the trial court entered summary judgment in favor of Appellees. Specifically, the trial court found that Cavanaugh was not an "employer" under R.C. 4123.90 and that Appellant failed to demonstrate the existence of a genuine issue of material fact regarding whether his discharge from DJT was in contravention of R.C. 4123.90. Appellant appealed that judgment.
 {¶ 4} On appeal, this Court affirmed the trial court's judgment, yet ultimately remanded the matter because the trial court had not entered judgment on Appellant's claim that his discharge was in contravention of public policy, and thus, this Court did not have jurisdiction to review Appellant's second assignment of error. On remand, the trial court granted summary judgment in favor of Appellees with respect to Appellant's public policy claim on the grounds that R.C. 4123.90 did not, as a matter of law, provide for a public policy wrongful termination claim.
 {¶ 5} Appellant has timely appealed, asserting two assignments of error. Appellant's assignments of error will be consolidated to facilitate our review.
 II *Page 3 Assignment of Error Number One "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT ON THE ISSUE OF WRONGFUL DISCHARGE BASED ON A VIOLATION OF PUBLIC POLICY BY APPELLEES."
 Assignment of Error Number Two "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT AGAINST THE APPELLANT'S WRONGFUL DISCHARGE CLAIM BASED ON A VIOLATION OF PUBLIC POLICY BECAUSE THERE IS A GENUINE ISSUE OF MATERIAL FACT."
 {¶ 6} In his two assignments of error, Appellant has argued that this Court must revisit its decision in Coon v. Technical Constr. SpecialtiesInc., 9th Dist. No. 22317, 2005-Ohio-4080, in which this Court held that R.C. 4123.90 did not provide for a public policy wrongful termination claim. This Court disagrees.
 {¶ 7} An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St .3d 102, 105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the nonmoving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12.
 {¶ 8} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher, 75 Ohio St.3d at 292. To support the motion, such evidence must be present in the record and of the type *Page 4 
listed in Civ.R. 56(C). Id. Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id. See, also, Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 9} In the present case, it is clear that this Court's precedents preclude a public policy wrongful termination claim for a violation of R.C. 4123.90 because the statute "provides an effective and adequate remedy to an aggrieved party[.]" Coon at ¶ 26. Accordingly, an aggrieved party in this district is "not entitled to a separate wrongful termination public policy claim under R.C. 4123.90." Id.
 {¶ 10} Appellant's claim that this Court should overrule Coon is inapposite. Appellant has argued that this Court should reverse its position for two reasons: 1) that the statutory damages are limited and compensatory and punitive damages are not recoverable; and 2)Coon represents the minority position in Ohio. This Court was faced with similar contentions in Polzin v. The Mail Room, 9th Dist. No. 05CA0107-M, 2006-Ohio-4418. In Polzin, this Court rejected the notion that it should reverse Coon. Specifically, we held:
 "[T]his case is controlled by Coon. In Coon, we held that no public policy tort exists for alleged violations of R.C. 4123.90. Coon at ¶ 23-27. Appellant, however, urges this Court to overrule Coon. In her brief, however, Appellant provides no rationale for this Court to revisit a decision which we issued approximately one year ago. While Appellant alleges that her damages for a statutory claim are *Page 5 
limited, this Court found in Coon that the statutory remedy provided by R.C. 4123.90
`adequately protects the public policy purpose of R.C. 4123.90.' Id. at ¶ 26. Additionally, Appellant alleges that Coon should be overruled because it is in conflict with other districts. This fact was discussed in Coon, and we found the conflicting cases to be unpersuasive. Id. at ¶ 20-21. Accordingly, until the Ohio Supreme Court has spoken, we find no rationale to revisit our decision. We adhere, therefore, to our position in Coon ." Polzin at ¶ 6.
As in Polzin, this Court sees no reason to stray from Coon's holding.
 {¶ 11} Accordingly, this Court again reaffirms its position that aggrieved parties are "not entitled to a separate wrongful termination public policy claim under R.C. 4123.90." Coon at ¶ 26. Moreover,Coon remains the authoritative precedent in this district. Therefore, no genuine issue of material fact remained and the trial court did not err in granting summary judgment in favor of DJT.
 {¶ 12} Appellant's assignments of error lack merit.
 III {¶ 13} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 6 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
BETH WHITMORE FOR THE COURT
 CARR, J. DICKINSON, J. CONCUR *Page 1