JOURNAL ENTRY AND OPINION
{¶ 1} Michael Dodd, ("Dodd") as director and agent of MCD Management Company, and MCD Company LTD, the trustee for MCD Global Trust, appeal the decision of the trial court granting summary judgment in favor of Key Investments Inc., ("KII") and Karen Geiger ("Geiger"). Dodd, on behalf of MCD Management Company, argues that the trial court erred in granting summary judgment against MCD Management Company because it did have standing to bring suit. MCD Company LTD, on behalf of the MCD Global Trust, argues that it presented evidence of Geiger's negligence and breach of fiduciary duty, and evidence of KII's vicarious liability for Geiger's tortious actions. For the following reasons, we affirm in part and reverse and remand in part.
 {¶ 2} In July 2000, Dodd, as director and agent for MCD Management Company, MCD Business Company, MCD Company LTD, the trustee for MCD Global Trust and for MCD International Trust (collectively referred to as "Appellants MCD"), filed a lawsuit against KII (now known as McDonald Investments)[1] and KeyBank for negligence and breach of fiduciary duty. In October 2001, Appellants MCD voluntarily dismissed KeyBank pursuant to Civ.R. 41(A). In December 2002, Appellants MCD filed a new complaint against KeyBank and Geiger, alleging breach of fiduciary duty and negligent recommendation and advice. Following a motion to consolidate, the trial court joined the two actions. KeyBank filed a motion to stay proceedings pending arbitration, which the trial court granted. The case proceeded through discovery against KII and Geiger.
 {¶ 3} The two consolidated cases centered around the following allegations. Dodd, in his capacity as director and agent for Appellants MCD, alleged that Geiger, while employed as an advisor for KII, negligently recommended Cyprus Funds as a wise investment choice for Appellants MCD. Dodd also asserted that Cyprus Funds was a fraudulent "Ponzi" operation, whose collapse resulted in a loss to Appellants MCD in excess of $400,000. He further alleged that without the negligent representations of Geiger, Appellants MCD would not have invested in Cyprus Funds.
 {¶ 4} KII and Geiger filed motions for summary judgment raising the following arguments: Appellants MCD did not have standing to sue and, alternatively, that they were not the real parties in interest as required by Civ.R. 17(A); the claims against Geiger were barred by the applicable statute of limitations; that Geiger did not breach any duty owed to Appellants MCD nor did she negligently advise Appellants MCD; and, that KII is not vicariously liable for any alleged tortious acts committed by Geiger.
 {¶ 5} The trial court agreed with KII and Geiger and granted their motions for summary judgment against MCD Business Company and MCD Management Company for lack of standing. The trial court further found that Dodd, in his capacity as agent for MCD Company, LTD, the trustee for MCD Global Trust and MCD International Trust, was not a real party in interest as required by Civ.R. 17(A). However, in accordance with Civ.R. 17(A), the trial court granted leave, allowing the parties to comply with the rule.
 {¶ 6} Alternatively, the trial court found that even if properly substituted, the remaining plaintiffs could not establish a genuine issue of material fact as to their claims of negligence and breach of fiduciary duty against KII. The trial court then granted summary judgment in favor of KII against the remaining plaintiffs. The trial court denied Geiger's motion for summary judgment for failure to comply with Civ.R. 56(C), with regards to the remaining claims of Dodd, in his capacity as agent for MCD Company, LTD, the trustee for MCD Global Trust and MCD International Trust.
 {¶ 7} Following its ruling, the trial court granted plaintiffs' motion for substitution, thereby allowing MCD Company, LTD, the trustee for MCD Global Trust and MCD International Trust, to assert the remaining claims. The trial court also granted both plaintiffs' and Geiger's motions for reconsideration. The trial court then granted the remainder of Geiger's motion for summary judgment, finding that plaintiffs failed to raise a genuine issue of material fact as to its claims of negligent recommendation and breach of fiduciary duty. The trial court further found that its ruling on Geiger's motion for summary judgment rendered plaintiffs' vicarious liability claim against KII moot.
 {¶ 8} Dodd, in his capacity as director and agent for MCD Management Company, and MCD Company LTD, the trustee for MCD Global Trust, appeal, raising the three assignments of error contained in the appendix to this opinion.
 {¶ 9} On appeal, we review a trial court's grant of summary judgment under a de novo standard of review. Baiko v. Mays
(2000), 140 Ohio App.3d 1, citing Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35. Therefore, we independently review the record to determine whether summary judgment is appropriate and afford no deference to the trial court. Brown v.Scioto Bd. Of Commrs. (1993), 87 Ohio App.3d 704. Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion, which is adverse to the nonmoving party. Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
 {¶ 10} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. Dresher v. Burt, 75 Ohio St.3d 280, 292-293. If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. Id. at 293.
 {¶ 11} In its first assignment of error, Dodd, in his capacity as director and agent for MCD Management Company, hereinafter "MCD Management Company," argues that the trial court erred in granting summary judgment to KII and Geiger because it did have standing and capacity to bring suit. We agree.
 {¶ 12} This Court must first address MCD Management Company's argument that KII and Geiger waived their right to raise the issue of standing. MCD Management Company claims that both parties waived their right to contest standing when they failed to raise the argument as an affirmative defense in their pleadings. However, MCD Management Company waived this argument by raising it for the first time on appeal. Thomas Steel, Inc v.Wilson Bennett, Inc. (1998), 127 Ohio App.3d 96, 105. Accordingly, we will not address this argument.
 {¶ 13} In both their motions for summary judgment and their appellee briefs, KII and Geiger assert that MCD Management Company lacks standing to bring suit because at the time MCD Management commenced suit, its fictitious name had not been registered, and because MCD Management Company is not a legal entity. Pursuant to R.C. 1329.10(B),
"[n]o person doing business under a trade name or fictitiousname shall commence or maintain an action in the trade name orfictitious name in any court in this state or on account of anycontracts made or transactions had in the trade name orfictitious name until it has first complied with section 1329.01of the Revised Code * * * but upon compliance, such an action maybe commenced or maintained on any contracts and transactionsentered into prior to compliance."
 {¶ 14} After KII and Geiger filed their motions for summary judgment, but prior to the final ruling by the trial court, MCD Management Company cured their defect for standing purposes by registering their fictitious name with the Secretary of State. Attached to its motion for reconsideration is MCD Management Company's July 20, 2004 for-profit corporation registration.
 {¶ 15} This court has previously held that "a person doing business under a fictitious trade/business name may maintain a cause of action in the trade/business name if he/she has registered the fictitious name in accordance with R.C. 1329.01
prior to the entry of final judgment." MBA Realty v. Little G,Inc. (1996), 116 Ohio App.3d 334.
 {¶ 16} Accordingly, since Dodd, as director and agent of MCD Management Company registered the fictitious name with the Secretary of State pursuant to R.C. 1329.01 prior to the final judgment, it had standing to maintain the present cause of action. R.C. 1329.10(B). See, also, MBA Realty, supra; Ebnerv. Caudill (1994), 93 Ohio App.3d 785. Thus, a genuine issue of material fact exists.
 {¶ 17} Even if we disregard the above conclusion, and address KII and Geiger's argument that a fictitious name must attach to a bona fide legal entity as defined by R.C. 1329.01, there still exists a genuine issue of material fact for trial. Under this theory, KII and Geiger further argue that MCD Management Company is not a legal entity or person as defined by R.C. 1329.01 and therefore, any effort to cure lack of standing is futile. R.C.1329.01(3) defines a person as:
"[A]ny individual, general partnership, limited partnership,limited liability partnership, corporation, association,professional association, limited liability company, society,foundation, federation, or organization formed under the laws ofthis state or any other state."
 {¶ 18} In support of their argument, KII and Geiger cite to a portion of Dodd's transcript where he labels Appellants MCD a "trust system" but later admits that he did not know if they were actually trusts, and that they were not a partnership or a sole proprietorship. Both KII and Geiger assert that Appellants MCD are merely checking accounts created for the sole purpose of reducing Dodd's income taxes.
 {¶ 19} In response, MCD Management Company argues that it is a legal entity, and supports this assertion with Dodd's deposition transcript and an affidavit of attorney James Snively. In Dodd's deposition, he references MCD Management Company's directors and company minutes. In the affidavit, Snively swears that he created a contractual business organization under the name of MCD Management Company, that he created the organization as a trust, and that Dodd served as a trustee in his capacity as a director of MCD Management Company.
 {¶ 20} Although it is unclear whether MCD Management Company is a trust, a corporation, a common law business organization or a contractual business organization, it is clear that a genuine issue of material fact exists as to whether it is a legal entity.
 {¶ 21} Accordingly, we reverse the trial court's grant of summary judgment for KII and Geiger as to MCD Management Company.
 {¶ 22} In its second assignment of error, MCD Company Ltd., as trustee for MCD Global Trust, hereinafter "MCD Global Trust," argues that the trial court incorrectly granted summary judgment in favor of Geiger because it presented evidence of negligence and breach of fiduciary duty.
 {¶ 23} In both her motion for summary judgment and her appellee brief, Geiger argues, among other things, that the applicable statute of limitations has passed and, therefore, any action by MCD Global Trust is time-barred. Though we disagree with Geiger's interpretation of the statute of limitations, we agree with her assertion that MCD Global Trust's claims are time-barred. Accordingly, we will not address any other arguments raised by Geiger.
 {¶ 24} MCD Global Trust's claims for negligent investment advice and breach of fiduciary duty regarding the recommendation of Cypress Funds are governed by the catch-all provision of the general negligence statute, R.C. 2305.09(D). Kondrat v. GregoryJ. Morris et al. (1997), 118 Ohio App.3d 198; Avery B. Klein Co v. Joslyn (April 8, 1993), Cuyahoga App. No. 61841, 1993 Ohio App. LEXIS 2010. This statute provides:
"An action for any of the following causes shall be broughtwithin four years after the cause thereof accrued:
* * *
(D) For an injury to the rights of the plaintiff not arisingon contract nor enumerated in sections 1304.35, 2305.10 to2305.12, and 2305.14 of the Revised Code."
 {¶ 25} In our decision in Avery B. Klein, supra, we found that "the cause of action for negligent investment advice accrued when the advice was given. Citing Investors REIT One v. Jacobs
(1989), 46 Ohio St.3d 176, the court held that the discovery provision does not apply to this statute. * * * See also, Haterv. Gradison Div. of McDonald Co. Securities, Inc., (1995),101 Ohio App. 3d 99, in which the court held that R.C. 2305.09
applied to claims of professional negligence and that the statutory time period does not start over each time there is an alleged misrepresentation." Kondrat, 118 Ohio App.3d 176 at 206-207. This same statute also covers any claim for breach of fiduciary duty. Crosby v. Beam (1992), 83 Ohio App.3d 501;Kondrat, supra.
 {¶ 26} In the present case, Geiger allegedly gave investment advice from October 1997 to May 1998; therefore, MCD Global Trust had until May 2002 to file suit. However, MCD Global Trust did not file suit against Geiger until December 19, 2002. MCD Global Trust does not dispute that Geiger did not provide investment advice after its May 1, 1998 purchase of Cypress Funds, it merely argues that all subsequent purchases of the funds were based on Geiger's previous advice.
 {¶ 27} In response, MCD Global Trust argues that its claims against Geiger are not time-barred, because the "discovery rule" applies to toll the statute of limitations. "The `discovery rule' generally provides that a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury." Investors REITOne, supra.
 {¶ 28} In support of this argument, MCD Global Trust cites the following quote from Avery B. Klein, supra, "Investors
did not specifically exclude claims for negligent investment advice from applications of the discovery rule." However, MCD Global Trust failed to quote further from the Klein decision. If it had continued to do so, it would have discovered that theKlein court specifically found that "the reasoning ofInvestors applies equally to claims against investment advisors." Id.
 {¶ 29} This Court has consistently held that the "discovery rule" does not apply to claims of negligent investment advice and breach of fiduciary duty. Investors REIT One, supra; Klein,
supra; Kondrat, supra. Accordingly, we must apply the four-year statute of limitations contained in R.C. 2305.09(D) and therefore conclude that MCD Global Trust's claims against Geiger are time-barred. Therefore, no genuine issue of material fact exists, and we affirm the trial court's grant of summary judgment.
 {¶ 30} This second assignment of error is overruled.
 {¶ 31} In this third assignment of error, MCD Global Trust alleges that the trial court erred in granting summary judgment to KII because it presented evidence of vicarious liability. We disagree.
 {¶ 32} In order to hold KII liable for the acts of Geiger, there must first be a finding that Geiger acted in violation of the law. See Roberts v. Maichl, Hamilton App. No. C-040002,2004-Ohio-4665. Accordingly, our discussion in the second assignment of error renders this assigned error moot.
Judgment affirmed in part and reversed and remanded in part.
It is ordered that the parties bear their own costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., And Cooney, J., Concur
 Appendix A Assignments of Error:
 "I. The trial was incorrect in granting summary judgment toKey Investments and Karen Geiger because appellant, MCDManagement, did comply with registration of its fictitiousbusiness name prior to final judgment, and thus hadstanding/capacity to bring suit pursuant to R.C. 1329.10(B).
 II. The trial court was incorrect in granting summary judgmentto Karen Geiger because appellants presented evidence that shewas negligent and breached her fiduciary duty.
 III. The trial court was incorrect in granting summaryjudgment to Key Investments because appellants presented evidenceestablishing that Key Investments was vicariously liable for thenegligent acts and breach of fiduciary duty of its employee,Karen Geiger."
[1] For purposes of this opinion, we will address McDonald Investments as Key Investments Inc., ("KII").