JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, which includes Accelerated Systems Integration Inc. ("Accelerated"), Accelerated Systems Integration, Inc., Electing Small Business Trust, and Michael Joseph ("Joseph"), [collectively, "Appellant"], appeals from the trial court's order, which granted the motion to dismiss of appellee, American Express Tax and Business Services, Inc. ("Amex"),[1] and the motion for judgment on the pleadings of appellees, Hausser Taylor, L.L.C. ("H T") and Carl Wirtz ("Wirtz"). After review of the arguments, and for the reasons set forth below, we affirm.
 {¶ 2} This appeal stems from a professional relationship between the parties. Between 1995 and 1999, appellees provided professional accounting advice to Joseph, as well as to limited liability companies (herein referred to as "MRK")[2] jointly owned by Joseph and his partners, Diane and Michael Kennedy.
 {¶ 3} In 1999, Joseph and the Kennedys terminated their professional relationship and negotiated a separation agreement, which was executed in October 1999. Appellees were involved with the negotiation and interpretation of the separation agreement and were responsible for calculating any bonus Joseph was to receive from MRK for the year 1999. *Page 4 
 {¶ 4} In December 1999, appellees terminated their relationship with appellant, but continued to represent MRK and completed the calculation of Joseph's 1999 bonus in early 2000. Appellant had anticipated that Joseph would receive approximately $2,500,000 in bonuses from 1999; however, after appellees completed their analysis of the financial records, they concluded that MRK had overpaid Joseph by nearly a million dollars and found that Joseph owed those moneys to MRK.
 {¶ 5} Disputes over the calculation of Joseph's 1999 bonus and other issues led to extensive litigation between 2000 through 2005. As a result of this litigation, and based on a calculation by a neutral accountant,[3] the trial court confirmed that appellant owed MRK $882,923.[4] On May 10, 2005, this court affirmed the lower court's ruling in part and modified in part to clarify the amount of prejudgment interest to be awarded.[5] On May 19, 2005, appellant's bank account was levied upon for the sum of $288,391.76 as a result of the ruling inAccelerated I.
 {¶ 6} On September 27, 2005, appellant filed this complaint against appellees alleging claims of breach of fiduciary duty/conflict of interest, accounting malpractice, breach of contract and fraud. Appellee Amex filed a motion to dismiss on December *Page 5 
20, 2005, and on January 31, 2006, appellees H T and Wirtz filed a motion for judgment on the pleadings. Both motions argued that appellant's claims were barred for various reasons. Appellant subsequently moved the trial court to convert appellees' respective motions into motions for summary judgment, pursuant to Civ. R. 12(B). On May 3, 2006, the trial court denied appellant's motion to convert appellees' motions and granted the motion for dismissal and motion for judgment on the pleadings.
 {¶ 7} Appellant appeals, asserting four assignments of error. Because Assignments of Error II and III challenge the trial court's ruling on the motion to dismiss, we address them first.
 {¶ 8} "II. The trial court erred in granting defendant-appellee American Express Tax and Business Services, Inc.'s motion to dismiss in its order dated May 3, 2006, based upon Ohio Civil Rule 12(B)(6).
 {¶ 9} "III. The trial court erred by denying plaintiffs-appellants' motion to convert defendant-appellee American Express Tax and Business Services Inc.'s motion to dismiss to a motion for summary judgment pursuant to Rule 12 of the Ohio Rules of Civil Procedure in its order dated May 3, 2006."
 {¶ 10} Appellant argues that the trial court erred in granting the motion to dismiss and contends that the trial court should have granted its own motion to convert the motion to dismiss to a motion for summary judgment. After review, we find these arguments to be without merit. *Page 6 
 {¶ 11} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v. Faber (1991),57 Ohio St.3d 56, 60, citing Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192.
 {¶ 12} While the factual allegations of the complaint are to be taken as true, "[unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss."State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324.
 {¶ 13} Under these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ. Community TenantsUnion (1975), 42 Ohio St.2d 242, 245. See, also, Spalding v.Coulson (1993), 104 Ohio App.3d 62.
 {¶ 14} Since factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. Hunt v. Marksman Prod., Div. of S/RIndus., Inc. (1995), 101 Ohio App.3d 760, 762. *Page 7 
 {¶ 15} Appellant's complaint is rooted in claims of accounting malpractice and alleges erroneous conclusions in the audit of MRK's financial records by appellees. Appellant contends that this professional malpractice led to the inaccurate calculation of Joseph's 1999 bonus. However, concerns were raised that the claims brought by appellant were time-barred under R.C. 2305.09(D), which reads in pertinent part:
 {¶ 16} "An action for any of the following causes shall be brought within four years after the cause thereof accrued:
 {¶ 17} "* * *
 {¶ 18} "(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in section 1304.35, 2305.10 to 2305.12, and2305.14 of the Revised Code."
 {¶ 19} Under the statute, appellant's claims were required to have been filed within four years of the time at which the cause of action accrued. Appellant concedes the application of this four-year time restriction; however, it argues that the four-year period does not start to accrue until it has suffered an "invasion of a legally protected interest." Appellant contends that it did not suffer any damages from appellees' alleged malpractice until execution was performed inAccelerated I's ruling and a levy was placed on its bank account. We disagree. *Page 8 
 {¶ 20} The Ohio Supreme Court has held that the statute of limitations, as articulated in R.C. 2305.09(D), begins to run from the time of the alleged negligent act, not from the time the act was allegedly discovered or alleged damages were suffered. Investors REITOne v. Jacobs (1989), 46 Ohio St.3d 176, 546 N.E.2d 206. Here, the alleged malpractice occurred when appellees calculated Joseph's 1999 bonus in early 2000. Applying the four-year statute of limitations from the time of the alleged negligent act, appellant had until early 2004 to file its claims. Appellant knew of and disputed the bonus calculation from the time it was issued in early 2000; however, appellant did not file its complaint until September 2005.
 {¶ 21} Appellant concedes to the dictates of Investors REIT One;
however, it argues that subsequent case rulings have retreated from the reasoning of Investors REIT One and have extended a "discovery rule" or "delayed damage theory" to more recent cases of professional malpractice. Appellant reasons that a cause of action cannot be filed until damages occur, thus the statute of limitations on its claims did not begin to run until it suffered damages from the alleged malpractice. This contention is without merit.
 {¶ 22} This court recently reaffirmed the reasoning of Investors REITOne in Dodd v. Keybank, Cuyahoga App. No. 85949, 2006-Ohio-93, which dealt with a similar argument involving claims of negligent investment advice and breach of fiduciary duties. In Dodd, we stated: *Page 9 
 {¶ 23} "In our decision in Avery B. Klein [citation omitted], we found that `the cause of action for negligent investment advice accrued when the advice was given. Citing Investors REIT One [citation omitted], the court held that the discovery provision does not apply to this statute. * * * See, also, Hater v. Gradison Div. of McDonald Co. Securities,Inc. (1995), 101 Ohio App.3d 99, 655 N.E.2d 189, in which the court held that R.C. 2305.09 applied to claims of professional negligence and that the statutory time period does not start over each time there is an alleged misrepresentation.' Kondrat [v. Gregory J. Morris, et al.],118 Ohio App.3d 198, at 206-207. This same statute also covers any claim for breach of fiduciary duty. Crosby v. Beam (1992), 83 Ohio App.3d 501,615 N.E.2d 294; * * *
 {¶ 24} "This Court has consistently held that the `discovery rule' does not apply to claims of negligence of investment advice and breach of fiduciary duty. [citations omitted]. Accordingly, we must apply the four-year statute of limitations contained in R.C. 2305.09(D) and therefore conclude that [the] claims * * * are time-barred." Id. at 12-13.
 {¶ 25} All of appellant's claims argue the same wrongdoing, namely erroneous professional performance in one way or another by appellees in auditing and examining Joseph's 1999 bonus. Therefore, all of the claims are couched in assertions of accounting malpractice and are subject to the four-year statute of limitations under R.C. 2305.09(D). SeeDodd, supra, (holding R.C. 2305.09(D) also covers any claim of breach of fiduciary duty); Muir v. Hadler Real Estate Mgt. Co. *Page 10 
(1982), 4 Ohio App.3d 89, 446 N.E.2d 820 (holding a claim of malpractice, even if named as a different cause of action, still constitutes a claim for malpractice).
 {¶ 26} Accordingly, appellant's claims were subject to a four-year statute of limitations starting from the time of the alleged malpractice that occurred in early 2000. Appellant's complaint was not filed until September 2005, well after the four-year period. Therefore, the trial court did not err in granting Amex's motion to dismiss, and appellant's second assignment of error is without merit.
 {¶ 27} We also find no merit in appellant's argument that the trial court should have granted the motion to convert Amex's motion to dismiss to a motion for summary judgment. Appellant contends that the trial court erroneously considered matters outside the pleadings in granting Amex's motion to dismiss. However, in reviewing appellant's complaint and attached documents,[6] it can conclusively be established that the alleged malpractice occurred in early 2000. Since appellant did not file its complaint until September 2005, it can conclusively be determined from the face of the complaint that appellant's action was time-barred. Appellant's third assignment of error fails. *Page 11 
 {¶ 28} We now turn to appellant's first and fourth assignments of error, which challenge the trial court's ruling on the motion for judgment on the pleadings filed by appellees H T and Wirtz. Because they are interrelated, we address them together.
 {¶ 29} "I. The trial court erred in granting defendants-appellees Hausser Taylor, LLC and Carl Wirtz's motion for judgment on the pleadings in its order dated May 3, 2006, based upon Ohio Civil Rule 12(C).
 {¶ 30} "IV. The trial court erred by granting defendants-appellees Hausser Taylor, LLC and Carl Wirtz's motion for judgment on the pleadings since the trial court considered matters outside of the pleadings."
 {¶ 31} Appellant challenges the trial court's grant of the motion for judgment on the pleadings and argue various reasons why the trial court erred. We find these arguments to be without merit.
 {¶ 32} Civ. R. 12(C) provides that a party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. A motion for judgment on the pleadings presents a question of law, and the court may look to the allegations in the pleadings to decide the motion. The standard of review a trial court must use in ruling upon a motion for judgment on the pleadings was articulated in Case Western Reserve Univ. v. Friedman (1986),33 Ohio App.3d 347, 515 N.E.2d 1004, which stated:
 {¶ 33} "A motion for judgment on the pleadings is the same as a motion to dismiss filed after the pleadings are closed and raises only questions of law. The *Page 12 
pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made, and every reasonable inference in favor of the party against whom the motion is made should be indulged. Vaught v. Vaught (1981), 2 Ohio App.3d 264, 2 Ohio B. 293,441 N.E.2d 811; Peterson v. Teodosio (1973), 34 Ohio St.2d 161,297 N.E.2d 113. The motion should be denied if it cannot be determined from the face of the pleadings that the pleading does not state a claim upon which relief can be granted. Calhoun v. Supreme Court of Ohio (1978), 61 Ohio App.2d 1, 399 N.E.2d 559." Id. at 1005.
 {¶ 34} Granting a judgment on the pleadings is only appropriate where the plaintiff has failed in his complaint to allege a set of facts which, if true, would establish the defendant's liability. Walters v.First National Bank of Newark (1982), 69 Ohio St.2d 677, 433 N.E.2d 608. "To uphold a dismissal on the pleadings pursuant to Civ. R. 12(C), the court must find, beyond a doubt, that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."Lin v. Gatehouse Constr Co. (1992), 84 Ohio App.3d 96, 99,616 N.E.2d 519.
 {¶ 35} As previously demonstrated, appellant's complaint can prove no set of facts in support of its claims which would entitle it torelief, since it is evident on the face of the complaint that appellant's claims are time-barred under R.C. 2305.09(D). (Emphasis added.) Thus, appellant's first assignment of error fails.
 {¶ 36} In its fourth assignment of error, appellant further contends that the trial court improperly arrived at its decision by considering matters outside of the *Page 13 
pleadings. This argument is without merit because it is clear from the face of the complaint that it was not timely filed. Therefore, the trial court's ruling was based on appropriate consideration, and appellant's fourth assignment of error fails.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS (WITH SEPARATE OPINION); ANTHONY O. CALABRESE, JR., J., DISSENTS (WITH SEPARATE OPINION).
[1] n.k.a. RSM McGladrey TBS, LLC ("TBS").
[2] These companies include MRK Technologies, Ltd., MRK Leasing Ltd., and MRK Software Solutions, Ltd.
[3] Thomas Campbell of Meaden Moore, LLP.
[4] See American Express Business Services, dba Hausser Taylor, LLP,et al. vs. Accelerated Systems Integration, Inc., et al. (2002), Cuyahoga County Court of Common Pleas, Case No. CV-02-468216 [hereafter"Accelerated"].
[5] See Accelerated I, Cuyahoga App. No. 84748, 2005-Ohio-1017.
[6] "Documents attached to or incorporated into the complaint may be considered on a motion to dismiss pursuant to Civ. R. 12(B)(6)." NCSHealthcare, Inc. v. Candlewood Partners, LLC (2005),160 Ohio App.3d 421, 427, 827 N.E.2d 797, 801.