[Cite as *Potter v. Cottrill*, 2012-Ohio-2417.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
VINTON COUNTY

| | | |
|---|---|---|
| JOHN J. POTTER, | : | Case No. 11CA685 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JANICE R. COTTRILL, ET AL., | : | |
| | : | **RELEASED 05/24/12** |
| Defendants-Appellants. | : | |

_____

APPEARANCES:

Lorene G. Johnston, Jackson, Ohio, for appellants.

Timothy P. Gleeson, Gleeson Law Office, Logan, Ohio, for appellee.
_____

Harsha, J.

{¶1}    Janice and Ramon Cottrill appeal the trial court's decision to grant John Potter summary judgment on two of his claims against them.  Potter alleged that after he and his now-deceased wife gave their daughter Janice power of attorney, Janice improperly conveyed five tracts of the couple's property to herself and her husband, Ramon.  Potter sought to recover this real estate.  The court granted Potter summary judgment on his claim for "Invalid Transfer of Real Estate," which was premised on an allegation that Janice exceeded the scope of her authority, and his claim for "Conflict of Interest - Real Property," which was premised on an allegation that Janice had a conflict of interest in the transactions.

{¶2}    The Cottrills contend that these claims are untimely.  Potter responds that his claims constitute actions to recover the title to real property and are subject to R.C. 2305.04's twenty-one year statute of limitations.  The Cottrills urge us to apply R.C.

2305.09(D)'s four-year statute of limitations because regardless of how Potter framed the claims in the complaint, they actually constitute claims for breach of fiduciary duty. We agree with the Cottrills' position. The trial court could not set aside the conveyances unless Potter proved that Janice exceeded the scope of her authority or had a conflict of interest, i.e., that she breached her fiduciary duty. Because Potter filed his lawsuit outside the four-year statute of limitations for such claims, the trial court erred when it granted him a summary judgment and denied the Cottrills a summary judgment on the "Invalid Transfer of Real Estate" and "Conflict of Interest - Real Property" claims. Accordingly, we reverse that portion of the trial court's judgment. This decision renders moot the Cottrills' additional arguments on the impropriety of the trial court's decision to grant Potter a partial summary judgment.

## I.  Facts

**{¶3}**    Potter filed a complaint against the Cottrills alleging that he and his now deceased wife executed power of attorney forms appointing their daughter Janice as their attorney-in-fact. [1] Potter alleged that in October of 2004, Janice used her position to improperly transfer five tracts of the Potters' real estate to herself and her husband and to transfer stock Potter owned to herself. Potter made five claims in his complaint. In his first claim, titled "Invalid Transfer of Real Estate," he alleged that the real estate transactions were void or voidable because Janice exceeded the scope of her authority as attorney-in-fact. In his second claim, titled "Conflict of Interest – Real Property," he alleged that the real estate transactions were void or voidable because Janice had a conflict of interest in executing them. In his third claim, he alleged that Janice breached her fiduciary duty to him. Potter later dismissed his fourth claim, which related to the

---

[1] Although neither party raises the issue, we note that the estate of Mrs. Potter is not a party to this action.

stock transfer issue.  And in his fifth claim, he alleged a cause of action for "civil recovery for theft offenses."

{¶4}    Potter and the Cottrills filed motions for summary judgment.  In their motion, the Cottrills argued Potter's claims were untimely.  Potter conceded that his third and fifth claims were time-barred but argued that his first and second claims were not.  Subsequently, the trial court granted the Cottrills a summary judgment on the third and fifth claims and granted Potter a summary judgment on the first and second claims.  This appeal followed.

## II.  Assignments of Error

{¶5}    The Cottrills assign the following errors for our review:

I. The trial [c]ourt erred in granting summary judgment in favor of Plaintiff-Appellee when there were genuine issues in dispute as to the material facts.

II. The trial [c]ourt erred in granting a summary judgment in favor of Plaintiff-Appellee as it is contrary to law.

III. The trial [c]ourt erred as a matter of law in denying Defendant-Appellant[s'] Motion for Summary Judgment on Plaintiff-Appellee's First and Second Causes of Action as they were barred by the applicable statute of limitations.

## III.  Summary Judgment Standard

{¶6}    When reviewing a trial court's decision on a motion for summary judgment, we conduct a de novo review governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.  Summary judgment is appropriate when the movant has established: 1.) there is no genuine issue of material fact; 2.) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, with the evidence against that party being construed most strongly in its favor; and 3.) the moving party is entitled to judgment as a

matter of law. *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978) (per curiam). *See* Civ.R. 56(C).

{¶7}    The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate the non-moving party has no evidence to support the non-moving party's claims. Civ.R. 56(C). *See Hansen v. Wal–Mart Stores, Inc.*, 4th Dist. No. 07CA2990, 2008-Ohio-2477, ¶ 8. Once the movant supports the motion with appropriate evidentiary materials, the non-moving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." *Id.*

## IV. Statute of Limitations

{¶8}    Because it is dispositive of this appeal, we address the Cottrills' third assignment of error initially. The Cottrills contend that Potter did not file his first and second claims in a timely manner. Specifically, they argue that Potter's claims, though titled as actions for the "Invalid Transfer of Real Estate" and "Conflict of Interest - Real Property," are actually common law breach of fiduciary duty claims. The Cottrills argue that these claims are governed by R.C. 2305.09(D), "the statute generally granting four

years to file an action for tort claims not specifically covered in other sections of the Ohio Revised Code." *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.*, 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672, ¶ 16; *see Dodd v. Keybank*, 8th Dist. No. 85949, 2006-Ohio-93, ¶ 24 (applying R.C. 2305.09(D) to breach of fiduciary duty claims).

{¶9} Potter misinterprets the Cottrills' argument as one to apply R.C. 2305.09(C)'s four-year statute of limitations for fraud claims and argues that neither of his claims contains an allegation of fraud. Potter contends that his claims constitute actions to recover title to real property and are governed by R.C. 2305.04, which provides that "[a]n action to recover the title to or possession of real property shall be brought within twenty-one years after the cause of action accrued * * *." The issue of which statute of limitations applies presents a question of law we review de novo. *See Shelton v. LTC Mgt. Servs.*, 4th Dist. No. 03CA10, 2004-Ohio-507, ¶ 8.

{¶10} In determining which statute of limitations applies to a particular cause of action, "'courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors[;] the form is immaterial.'" *Lawyers Coop. Publishing Co. v. Muething*, 65 Ohio St.3d 273, 277-278, 603 N.E.2d 969 (1992), quoting *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984) (per curiam). "A party cannot transform one cause of action into another through clever pleading or an alternate theory of law in order to avail itself of a more satisfactory statute of limitations." *Callaway v. Nu-Cor Automotive Corp.*, 166 Ohio App.3d 56, 2006-Ohio-1343, 849 N.E.2d 62, ¶ 14 (10th Dist.), citing *Love v. Port Clinton*, 37 Ohio St.3d 98, 100, 524 N.E.2d 166 (1988).

**{¶11}** "A power of attorney is a written instrument authorizing an agent, known as an 'attorney-in-fact,' to perform specific acts on the principal's behalf." *In re Estate of Kirkland*, 175 Ohio App.3d 73, 2008-Ohio-421, 885 N.E.2d 271, ¶ 35 (2nd Dist.). "The holder of a power of attorney has a fiduciary relationship with the principal." *Silcott v. Prebble*, 12th Dist. No. CA2002-04-028, 2003-Ohio-508, ¶ 22. This relationship is "'one in which special confidence and trust is reposed in the integrity and fidelity of another * * *.'" *Stone v. Davis*, 66 Ohio St.2d 74, 78, 419 N.E.2d 1094 (1981), quoting *In re Termination of Employment of Pratt*, 40 Ohio St.2d 107, 115, 321 N.E.2d 603 (1974).

**{¶12}** Potter's complaint provides:

First Claim – Invalid Transfer of Real Estate:

14.     The Power of Attorney documents (*Exhibits A and B*) under which Defendant Janice R. Cottrill executed the deed (*Exhibit C*) make no provision for a transfer of Plaintiff John J. Potter's assets by gift to herself or others.

15.     As of October 22, 2004, the legal owners of the five tracts of real property were Plaintiff John J. Potter and his wife, Evelyn G. Potter.

16.     The October 22, 2004 deed (*Exhibit C*) executed by Janice R. Cottrill as an attorney-in-fact was an act outside the scope of her authority as attorney-in-fact and was not sufficient to convey legal title to the five tracts of real property and such attempted transfer of title was and is void or voidable.

Second Claim – Conflict of Interest – Real Property:

17.     As a recipient of the gifted five tracts of real property, Defendant Janice R. Cottrill had a conflict of interest in granting Plaintiff's real property to herself as Plaintiff's attorney-in-fact.

18.     The gift of the five tracts of real property (*Exhibit C*) in which Defendant Janice R. Cottrill had a material conflict of interest was and is void or voidable.  (Emphasis sic.)

* * *

In his prayer for relief, Potter asked the court to find that the real estate transfers were void or voidable and restore title of the five properties to him.

{¶13}  Potter contends that because his claims seek recovery of title to real property, they are governed by R.C. 2305.04.  However, Potter's only rationale for his contention that the conveyances are "void or voidable" is that Janice exceeded the scope of her authority as attorney-in-fact and/or had a conflict of interest in executing the real estate transactions.  These are simply different ways of saying that Janice breached her fiduciary duty.  Before the real estate conveyances could be set aside, Potter would have to prove that Janice breached that duty.  Because the actual nature or subject matter of Potter's claims is a breach of fiduciary duty, R.C. 2305.09(D)'s statute of limitations applies.  *See, by way of analogy, Neace v. Barrett*, 10th Dist. No. 84AP-965, 1985 WL 9930, *1-2 (Mar. 28, 1985) (holding that R.C. 2305.09(C)'s four-year statute of limitations for fraud actions, not R.C. 2305.04, was the proper statute to apply in lawsuit to set aside a real estate conveyance because plaintiff had to prove fraud in a contractual arrangement before the conveyance could be set aside).

{¶14}  Under R.C. 2305.09(D), Potter had to bring his cause of action within four years after it "accrued."  The Cottrills contend that Potter's action accrued when the conveyances occurred on October 22, 2004, and that because Potter did not file his complaint until March 23, 2011, it is time-barred.  Potter does not address these assertions.

{¶15}  R.C. 2305.09 does not define the term "accrued," so we must determine when a cause of action accrues.  *Flagstar Bank, F.S.B.*, *supra*, at ¶ 12.  "The interpretation of a statute is a question of law that we review de novo * * *."  *In re*

*Adoption of T.G.B.*, 4th Dist. Nos. 11CA919 & 11CA920, 2011-Ohio-6772, ¶ 4. "The general rule is that a cause of action exists from the time the wrongful act is committed." *Flagstar Bank, F.S.B.* at ¶ 13. However, in certain circumstances the Supreme Court of Ohio has found that applying the general rule would lead to an unconscionable result. *Id.* Because of these concerns, the Court "created an exception to the general rule, commonly known as the discovery rule." *Id.* "The discovery rule provides that a cause of action does not arise until the plaintiff knows, or by the exercise of reasonable diligence should know, that he or she has been injured by the conduct of the defendant." *Id.* at ¶ 14. And in some cases, the Supreme Court of Ohio has applied a "delayed-damages" rule to determine when a cause of action accrues. *Id.* at ¶¶ 19-20. Under this rule, "'where the wrongful conduct complained of is not presently harmful, the cause of action does not accrue until actual damage occurs.'" *Id.* at ¶ 19, quoting *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379, 433 N.E.2d 147 (1982).

{¶16} Here, we need not determine which rule applies because Potter's claims were untimely under all of them. It is undisputed that Janice executed the wrongful act, i.e., the real estate conveyances, and that Potter suffered actual damage, i.e., the loss of his property, on October 22, 2004. In addition, the Cottrills offered uncontroverted summary judgment evidence that Potter knew or by the exercise of reasonable diligence should have known that he was injured by Janice's conduct that same day. The Cottrills attached an affidavit from attorney Adam Baker to their motion for summary judgment. Baker averred that he prepared the power of attorney forms for the Potters and the deed to convey the real estate. In addition, Baker averred that he called Potter

on October 22, 2004, and Potter confirmed that he and his wife authorized Janice to convey the five parcels of real estate to herself. Moreover, it is undisputed that Potter did not file his complaint until March 23, 2011, more than four years after October 22, 2004. Therefore, no genuine issues of material fact exist and the Cottrills are entitled to judgment as a matter of law on Potter's first and second claims because they are barred by the statute of limitations in R.C. 2305.09(D).

**{¶17}** The trial court erred when it granted Potter a summary judgment and denied the Cottrills a summary judgment on those claims. Accordingly, we sustain the Cottrills' third assignment of error, reverse the trial court's judgment on the first and second claims, and remand to the trial court for entry of summary judgment in favor of the Cottrills. Our resolution of this assignment of error renders moot the Cottrills' first and second assignments of error in which they make additional arguments about the impropriety of the trial court's decision to grant Potter a partial summary judgment. We need not address them. *See* App.R. 12(A)(1)(c).

JUDGMENT REVERSED IN PART
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED IN PART and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concurs in Judgment and Opinion.


For the Court


BY:  _____
       William H. Harsha, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**