[Cite as *Greer v. Park*, 2025-Ohio-1747.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Steven E. Greer, | : | |
| Plaintiff-Appellant, | : | No. 24AP-617 |
| | | (C.P.C. No. 24CV-2096) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Elliott Park et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on May 15, 2025

**On brief:** *Steven E. Greer*, pro se. **Argued:** *Steven E. Greer*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Steven E. Greer, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for default judgment against defendants-appellees, Elliott Park and Harvey Volzer, and dismissing his complaint with prejudice for being time-barred by the statute of limitations.

**I. Facts and Procedural History**

{¶ 2} On March 12, 2024, appellant filed a complaint against appellees alleging a breach of contract claim against attorney, Steven Biss, for whom appellee Park was serving as receiver and appellee Volzer was serving as conservator. The complaint alleged that Biss had represented appellant in an attorney-client relationship but Biss suffered a stroke in August 2023, and now resides in a long-term care facility. As a result of Biss's injury, appellees were appointed in their respective roles.

{¶ 3} On April 18, 2024, appellant moved for default judgment against appellee Volzer. The motion stated that Volzer had failed to file an answer to the complaint despite

having been served and, therefore, appellant was entitled to an order of default judgment and a damages award. On April 19, 2024, appellant filed a substantively identical motion against appellee Park.

{¶ 4} On October 7, 2024, the trial court issued a decision and entry denying the motions for default judgment and finding that appellant's cause of action was a claim for legal malpractice and barred by the relevant statute of limitations. The court accordingly dismissed the action with prejudice.

## II. Assignments of Error

{¶ 5} Appellant appeals and assigns the following four assignments of error for our review:

> [I.] The trial court erred by classifying the Complaint for Breach of Contract as actually being a legal malpractice case dressed in sheep's clothing, despite no legal work having been performed by the lawyer. The matter before the trial court is a pure billing and contract dispute, not a "professional misconduct" matter.
>
> [II.] The trial court erred by failing to give notice to the parties before issuing a *sua sponte* order dismissing the case with prejudice.
>
> [III.] The trial court erred by issuing a *sua sponte* order to dismiss the case and deny the motion for default judgment. A *sua sponte* order/decision was unwarranted as the complaint was far from "frivolous" or "obviously [doomed to fail] based on the facts allected in the complaint."
>
> [IV.] The trial court erred by disregarding Ohio Rule of Civil Procedure 55(A) on default judgments. By doing so, it created a bad precedent that rewards future contempt of court in Ohio. Per Rule 55(A), a default judgment must have been entered given the lack of response or answer. Instead, the trial court issued a *sua sponte* order to dismiss the complaint despite with prejudice the opposition willfully and brazenly refusing to appear in the case, thereby thumbing their noses at the Franklin County Court.

(Sic passim.)

## III. Discussion

{¶ 6} Appellant's first assignment of error contends the trial court erred by concluding his complaint asserted a legal malpractice claim rather than a breach of contract claim as he framed it. Appellant asserts that his claim is a pure billing and contract dispute, not a professional misconduct matter.

{¶ 7} The relevancy of the distinction between a complaint that asserts a breach of contract action versus a legal malpractice claim is that a different statute of limitations applies to each. Under R.C. 2305.11(A), a claim for legal malpractice "shall be commenced within one year after the cause of action accrued." A breach of contract claim "shall be brought within six years after the cause of action accrued." R.C. 2305.06.

{¶ 8} "The issue of which statute of limitations applies presents a question of law we review de novo." *Potter v. Cottrill*, 2012-Ohio-2417, ¶ 9 (4th Dist.).

{¶ 9} The trial court correctly noted that, under Ohio law, "a cause of action will be subsumed into a malpractice claim if it arises out of the matter in which the attorney represented the client." (Internal quotation marks deleted & citation omitted.) (Decision & Entry at 2, quoting *Creech v. Gaba*, 2017-Ohio-195, ¶ 10 (10th Dist.).) It concluded that "all facts surrounding Plaintiff's breach of contract claim concern Mr. Biss's representation of Plaintiff" and, therefore, "Plaintiff's breach of contract claim is actually a claim for legal malpractice." (Decision & Entry at 2.)

{¶ 10} We agree. Appellant's efforts to frame his claim as a billing dispute ignores that it is a billing dispute that arose because appellant was dissatisfied with the representation that Biss provided (or failed to competently provide as alleged by appellant). The contract described in the complaint is the attorney-client engagement agreement between appellant and Biss. The alleged breach of contract is based on Biss "either refusing or being unable to file the lawsuit," for which appellant alleged he retained Biss. (Compl. at 6.)

{¶ 11} It is the actual nature of the dispute or subject matter of the case, rather than the form of the pleading, that determines which statute of limitations should apply to a cause of action. *Lawyers Coop. Publishing Co. v. Muething*, 65 Ohio St.3d 273, 277 (1992). "A party cannot transform one cause of action into another through clever pleading or an alternate theory of law in order to avail itself of a more satisfactory statute of limitations."

*Callaway v. Nu-Cor Automotive Corp.*, 2006-Ohio-1343, ¶ 14 (10th Dist.), citing *Love v. Port Clinton*, 37 Ohio St.3d 98, 100 (1988).

**{¶ 12}** Here, the underlying subject matter of appellant's complaint is Biss's representation of appellant. More specifically, the cause of action alleged in the complaint arises out of the matter in which Biss represented appellant. Therefore, the trial court did not err in concluding that the cause of action asserted in the complaint was a legal malpractice claim and that the one-year statute of limitations pursuant to R.C. 2305.11(A) applied. Accordingly, we overrule appellant's first assignment of error.

**{¶ 13}** Appellant's second and third assignments of error present related arguments regarding the trial court's decision to sua sponte dismiss the complaint without notice to appellant.

**{¶ 14}** " 'The Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints.' " *Baker v. Scheetz*, 2019-Ohio-685, ¶ 6 (10th Dist.), quoting *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995). "[S]ua sponte dismissal *without notice* may be appropriate where the complaint is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint." (Emphasis added.) *Id.*

**{¶ 15}** Here, as discussed above, it is clear from the face of the complaint that appellant has asserted a legal malpractice cause of action that is barred by the one-year statute of limitations. As the trial court noted, the complaint states that appellant received a final invoice from Biss on September 24, 2022. Appellant alleged that this invoice, attached to the complaint as an exhibit, contained "bogus hourly fees." (Compl. at 5.) Thus, it can be concluded from the face of the complaint that the legal malpractice claim accrued on or before September 24, 2022, more than one year from the date on which appellant filed his complaint in this case, March 12, 2024. No additional evidence is needed to conclude that appellant's complaint is time-barred by the one-year statute of limitations.

**{¶ 16}** On these facts, we do not find that the trial court erred in sua sponte dismissing the complaint. Accordingly, we overrule appellant's second and third assignments of error.

**{¶ 17}** In his fourth assignment of error, appellant argues the trial court acted contrary to Civ.R. 55 by not entering a default judgment based on appellees' failure to file a responsive pleading.

**{¶ 18}** "Although when a defendant fails to answer, the averments in a plaintiffs' complaint may be taken as true, the trial court is not automatically required to enter default judgment." *Caryn Groedel & Assocs. Co., L.P.A. v. Crosby*, 2010-Ohio-3314, ¶ 28 (8th Dist.).

**{¶ 19}** Because the trial court was not required to enter a default judgment, we overrule appellant's fourth assignment of error.

## IV. Conclusion

**{¶ 20}** Based on the foregoing, we overrule appellant's four assignments of error and affirm the judgment of the Franklin County Court of Common Pleas dismissing appellant's complaint with prejudice.

*Judgment affirmed.*

BOGGS and EDELSTEIN, JJ., concur.

_____